IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM KEITH WININGEAR, CHRISTOPHER
ALLEN, QUINTON ALLEN, CURTIS ALLISON,
ANTORNUS ANDERSON, JAMES ANDREANO,
MIKHAIL ANGSTROM, RENATO APONTE, A.
JASON ARMSTRONG, BRIAN ATWOOD,
DREAMA BALBO, NEAL BALDWIN, GENE
BALLANCE, RONALD BALMACEDA,
CHRISTOPHER BARNES, CHAD BEALE,
FRANCIS BEEN, JR., JOHN BELIVEAU, CHARLES
BELLEVILLE, ROBERT BENNIS, JUSTIN
BENSON, JUSTIN BERRY, CHRISTOPHER
BODNAR, JAMES BONGIOVI, III, MAURICE
BOONE, ALAN BOSTJANCIC, CASEY
BOSTJANCIC, ISSOFOU BOUBACAR, WINDSOR
BRABSON, JR., RICHARD BRADY, SEAN M.
BRAKE, JAMIE BRENNER, PETER BRENNER, JR.,
RALPH BRIGGS, SR., DOUGLAS BROOKS, SR.,
JULIE BROWN, ROBERT BROWNE, MICHAEL
BRUNNER, GERALD BUERGERT, THOMAS
BURKE, MATTHEW BURNHAM, DAVID
BURSTEIN, ALPHANSO CALBOURNE, KEITH
CALLIS, JOSEPH CANANT, WILLIAM CARACCI,
SCOTT CARPENTER, JAMES CARRINGTON, JR.,
JOSEPH CARUSO, III, JASON CASEL, ROBERT
CHAMBERS, DANIEL CHANEY, LAWRENCE
CHAPMAN, BARRY CLARK, JAKE CLARK,
JEFFREY CLIFTON, KIMBERLY COLE, MICHAEL
COSCA, RODRICK COSCA, GEOFFREY
COUNTRYMAN, RANDY CRANDALL, MICHAEL
CRANFORD, MARLON CRANK, JR., JAMES
CRIST, NEAL CROWDER, RYAN CROWDER,
KEVIN CRUMPLER, AARON CRYDERMAN,
FRANCIS CUROTT, DARRICK DAVIS, JEMAL
DAVIS, ODELL DAVIS, JR., KEVIN DECKER,
RAYMOND DEGUZMAN, RICHARD DELEO,
MICHAEL DELP, EDWARD DEPENA, DANIELLE
DESANCTIS, WALTER DEVER, DAVID DICK,
ADAM DIERKS, ROMAN DOMINGO, PAUL
DONNELLY, JASON DOOLEY, CHRISTOPHER
DOUKAS, VERNON DOZIER, CHARLES DREER,
MICHAEL DRENKHAHN, MICHAEL EDINGTON,
SR., NICHOLAS EDINGTON, KEITH ENGLISH,



CIVIL ACTION No.: 2:12Cv560

TRIAL BY JURY DEMANDED

GRADY ERWIN, MICHAEL EVANS, ROBERT
FARRELL, MICHAEL FAYTON, RODNEY
FENTRESS, ERIC FLAX, JAMES FLENGAS,
THOMAS FRANTZ, DOUGLAS FRENIER,
ROBERT FRENIER, DANILO FULARON, JR.,
NICHOLAS FUSCO, STEPHEN GANNAWAY,
GARY GARAND, GLENN GARDIOLA, JOSEPH
GARRETT, ROSLUMELIA GATES, MARK J.
GEIER, STEVEN GEORGE, WILLIAM GIBSON,
VAUGHN GLADWELL, TERRELL GODWIN,
NANCY GOODE, CHRISTOPHER GOODRICH, E.
JAMES GOUMENIS, ROBERT GRAUPMANN,
ROBERT GRAY, DALLAS GREESON, HEIDI
GRIDLEY, KEVIN GROSS, BRIAN GUERTLER,
DONNA GUERTLER, BRUCE A. HARPER, SR.,
JUDY HASH, MARK HECKMAN, LISA HEINZEN,
JONATHAN HERNANDEZ, PADRAIC
HIERHOLZER, STEVEN HODGIS, DARYL
HOWARD, AARON HOWE, RICHARD
HRYNIEWICH, DANIEL HUDSON, BRADLEY
HUFFMAN, LURENA HUFFMAN, JOANNE
HUGHES, TED HUPTICH, DAVID IRELAND,
CHRISTOPHER JACKSON, FRED JACKSON,
LIONEL JACKSON, RODNEY JACOBS, SHAWN
JACOBS, BEATRIZ JARA, DARYL JARVIS,
WILLIAM JENEARY, RICHARD JENSEN,
RUSSELL JOHNSON, EDGAR JONES, BRIAN
JONES, NICOLE KARANGELEN, CHRISTOPHER
KEAR, DAIANA KELLY, WILLIAM KELLY, III,
ADAM KEZMARSKY, EARL KILLMON,
MATTHEW KLINE, JODI KOWALSKI, JOHN
KOWALSKI, JOHN KOY, RAMAL LASALA,
DANNY LAURENT, ALAN LAWSON, JAMES
LAWSON, RICHARD LEAN, CHAD LEE, NIGEL
LEE, WILLIAM LEE, DAVID LEFLEUR, MARTIN
LEVINSON, M.S. LIPIEKO, ALBERTO LLOSO,
PETER LOHMANN, JOSEPH LOUDENBACK,
STEPHEN LOUK, MICHAEL LOVELY, MARK
LOWERY, PATRICK MADDOX, II, CARRIE
MAGLALANG, JOHN MALBON, NICHOLAS
MARCUS, RONALD MARSH, MONTRELL
MARTIN, GABRIEL MARTINEZ, LAURA MASON,
JUSTIN MATTHEWS, SCOTT MAYER, FRANCIS
MAZZIO, JR., RICHARD MAZZIO, GAVIN
MCALPINE, RAHMAN MCBRIDE, ROBERT
MCCARRAHER, REGINALD MCCOY, RICHARD

2

MCDANIEL, MICHAEL MCKENNA, RYAN
MCNIFF, TAMMY MENDOZA, CLAYTON
MESSICK, MICHAEL MEZO, ROBERT MILLER,
WILLIAM MINSHEW, JOSEPH MIOLLA,
MELISSA MITCHELL, BRIAN MOORE, CHESTER
MOORE, MICHAEL MORLANG, MARK
MORMANDO, JACQUELINE MUNOZ, JIM
MURPHY, MATTHEW MURPHY, JAMES
NATIELLO, EDWIN NAUGLE, DEION NICHOLS,
SYLVESTER NICHOLS, RICHARD OBER,
DARREN B. O'CONNOR, NICHOLAS ODETTE,
DANIEL O'DONNELL, JOHN O'KEEFE, SEAN
O'ROURKE, DONATO PACIFICO, EDWIN
PAGAN, JR., EDDIE PALEVICH, MARIAN
PEDERSON, KENNETH PEELE, KEITHEN
PEIRSOL, ANDRE PERRY, MICHAEL PHILLIPS,
WILLIAM PICKERING, JR., DONALD PLATTE, III,
JOHN POCH, DAVID PORTER, VICTOR POWELL,
CARL PROCTOR, SR., JONATHAN PUCKETT,
BRUCE PUGH, ROBERT QUICK, MARK
RAILLING, MICHAEL REARDON, FRED
ROBERTS, JR., EDDIE RODRIGUEZ, KEITH
RYAN, STANLEY RYBACZUK, JR., DAVID
SALISBURY, THOMAS SASSO, MICHAEL
SAWICKI, CHRISTOPHER SCALLON, JAY
SEACRIST, GUY SEIDERMAN, BENJAMIN
SERRANO, III, PATRICK SHEVOCK, BRANDON
SHUM, DAVID SIEGEL, COREY SMITH,
JONATHAN SMITH, RAY SMITH, JR., TIMOTHY
SNOOTS, CHRISTOPHER SPRAGUE, THOMAS
SPRINGER, KURTIS STANTON, TODD
STERLING, KENNETH STILLWELL, RICHARD
STOCKS, MICHAEL SULLIVAN, DONALD
SWEARS, JR., CARL TATE, PATRICK TAYLOR,
CHARLES D. THOMAS, CHARLES M. THOMAS,
JOHN THOMAS, THOMAS THOMPSON, WALTER
THOMPSON, WALTER TINDELL, DONALD
TODD, JOHN TOLSON, SR., MATHEW
TURCOTTE, MICHAEL TUTOR, JUVENAL
VALDEZ, RODNEY VANFAUSSIEN, DERRICK
VERNON, MICHAEL WAGNER, GEORGE WALL,
JERRY WARNER, MILES WARREN, BEN
WEIDEMANN, TODD WELKA, STEPHEN
WETHERINGTON, BENJAMIN WHEELER,
HERBERT WHITE, JAMONICUS WHITE, JOSHUA
WHITE, ROBERT WHITE, WALTER WHITESIDE,

GEORGE WHITLEY, JR., BRIAN WILLIAMS,
CHARLES WILLIAMS, JR., JONATHAN
WILLIAMS, MATHEW WILLIAMS, ROBERT E.
WILLIAMS, ROBERT EUGENE WILLIAMS,
SHAUNA WILLIAMS, TERRENCE WILLIAMS,
DOLORAS WOOLERY, JAMES WORLEY, BRIAN
WRAY, ANN WRIGHT, JACOB WRIGHT, PHILIP
YURKSAITIS, EMMANUEL ZABLAN and MARTIN
ZELADA,

     Plaintiffs,

v.

CITY OF NORFOLK, VIRGINIA

     Serve:  Bernard A. Pishko, City Attorney
           810 Union Street
           Norfolk, Virginia 23510

     Defendant.

## COMPLAINT

The Plaintiffs, William Keith Winingear, Christopher Allen, Quinton Allen, Curtis Allison, Antornus Anderson, James Andreano, Mikhail Angstrom, Renato Aponte, A. Jason Armstrong, Brian Atwood, Dreama Balbo, Neal Baldwin, Gene Ballance, Ronald Balmaceda, Christopher Barnes, Chad Beale, Francis Been, Jr., John Beliveau, Charles Belleville, Robert Bennis, Justin Benson, Justin Berry, Christopher Bodnar, James Bongiovi, III, Maurice Boone, Alan Bostjancic, Casey Bostjancic, Issofou Boubacar, Windsor Brabson, Jr., Richard Brady, Sean M. Brake, Jamie Brenner, Peter Brenner, Jr., Ralph Briggs, Sr., Douglas Brooks, Sr., Julie Brown, Robert Browne, Michael Brunner, Gerald Buergert, Thomas Burke, Matthew Burnham, David Burstein, Alphanso Calbourne, Keith Callis, Joseph Canant, William Caracci, Scott Carpenter, James Carrington, Jr., Joseph Caruso, III, Jason Casel, Robert Chambers, Daniel Chaney, Lawrence Chapman, Barry Clark, Jake Clark, Jeffrey Clifton, Kimberly Cole, Michael

Cosca, Rodrick Cosca, Geoffrey Countryman, Randy Crandall, Michael Cranford, Marlon Crank, Jr., James Crist, Neal Crowder, Ryan Crowder, Kevin Crumpler, Aaron Cryderman, Francis Curott, Darrick Davis, Jemal Davis, Odell Davis, Jr., Kevin Decker, Raymond Deguzman, Richard Deleo, Michael Delp, Edward DePena, Danielle Desanctis, Walter Dever, David Dick, Adam Dierks, Roman Domingo, Paul Donnelly, Jason Dooley, Christopher Doukas, Vernon Dozier, Charles Dreer, Michael Drenkhahn, Michael Edington, Sr., Nicholas Edington, Keith English, Grady Erwin, Michael Evans, Robert Farrell, Michael Fayton, Rodney Fentress, Eric Flax, James Flengas, Thomas Frantz, Douglas Frenier, Robert Frenier, Danilo Fularon, Jr., Nicholas Fusco, Stephen Gannaway, Gary Garand, Glenn Gardiola, Joseph Garrett, Roslumelia Gates, Mark J. Geier, Steven George, William Gibson, Vaughn Gladwell, Terrell Godwin, Nancy Goode, Christopher Goodrich, E. James Goumenis, Robert Graupmann, Robert Gray, Dallas Greeson, Heidi Gridley, Kevin Gross, Brian Guertler, Donna Guertler, Bruce A. Harper, Sr., Judy Hash, Mark Heckman, Lisa Heinzen, Jonathan Hernandez, Padraic Hierholzer, Steven Hodgis, Daryl Howard, Aaron Howe, Richard Hryniewich, Daniel Hudson, Bradley Huffman, Lurena Huffman, Joanne Hughes, Ted Huptich, David Ireland, Christopher Jackson, Fred Jackson, Lionel Jackson, Rodney Jacobs, Shawn Jacobs, Beatriz Jara, Daryl Jarvis, William Jeneary, Richard Jensen, Russell Johnson, Edgar Jones, Brian Jones, Nicole Karangelen, Christopher Kear, Daiana Kelly, William Kelly, III, Adam Kezmarsky, Earl Killmon, Matthew Kline, Jodi Kowalski, John Kowalski, John Koy, Ramal Lasala, Danny Laurent, Alan Lawson, James Lawson, Richard Lean, Chad Lee, Nigel Lee, William Lee, David Lefleur, Martin Levinson, M.S. Lipieko, Alberto Lloso, Peter Lohmann, Joseph Loudenback, Stephen Louk, Michael Lovely, Mark Lowery, Patrick Maddox, II, Carrie Maglalang, John Malbon, Nicholas Marcus, Ronald Marsh, Montrell Martin, Gabriel Martinez, Laura Mason, Justin Matthews, Scott

Mayer, Francis Mazzio, Jr., Richard Mazzio, Gavin McAlpine, Rahman McBride, Robert

McCarraher, Reginald McCoy, Richard McDaniel, Michael McKenna, Ryan McNiff, Tammy

Mendoza, Clayton Messick, Michael Mezo, Robert Miller, William Minshew, Joseph Miolla,

Melissa Mitchell, Brian Moore, Chester Moore, Michael Morlang, Mark Mormando, Jacqueline

Munoz, Jim Murphy, Matthew Murphy, James Natiello, Edwin Naugle, Deion Nichols, Sylvester

Nichols, Richard Ober, Darren B. O'Connor, Nicholas Odette, Daniel O'Donnell, John O'Keefe,

Sean O'Rourke, Donato Pacifico, Edwin Pagan, Jr., Eddie Palevich, Marian Pederson, Kenneth

Peele, Keithen Peirsol, Andre Perry, Michael Phillips, William Pickering, Jr., Donald Platte, III,

John Poch, David Porter, Victor Powell, Carl Proctor, Sr., Jonathan Puckett, Bruce Pugh, Robert

Quick, Mark Railling, Michael Reardon, Fred Roberts, Jr., Eddie Rodriguez, Keith Ryan, Stanley

Rybaczuk, Jr., David Salisbury, Thomas Sasso, Michael Sawicki, Christopher Scallon, Jay

Seacrist, Guy Seiderman, Benjamin Serrano, III, Patrick Shevock, Brandon Shum, David Siegel,

Corey Smith, Jonathan Smith, Ray Smith, Jr., Timothy Snoots, Christopher Sprague, Thomas

Springer, Kurtis Stanton, Todd Sterling, Kenneth Stillwell, Richard Stocks, Michael Sullivan,

Donald Swears, Jr., Carl Tate, Patrick Taylor, Charles D. Thomas, Charles M. Thomas, John

Thomas, Thomas Thompson, Walter Thompson, Walter Tindell, Donald Todd, John Tolson, Sr.,

Mathew Turcotte, Michael Tutor, Juvenal Valdez, Rodney VanFaussien, Derrick Vernon,

Michael Wagner, George Wall, Jerry Warner, Miles Warren, Ben Weidemann, Todd Welka,

Stephen Wetherington, Benjamin Wheeler, Herbert White, Jamonicus White, Joshua White,

Robert White, Walter Whiteside, George Whitley, Jr., Brian Williams, Charles Williams, Jr.,

Jonathan Williams, Mathew Williams, Robert E. Williams, Robert Eugene Williams, Shauna

Williams, Terrence Williams, Doloras Woolery, James Worley, Brian Wray, Ann Wright, Jacob

Wright, Philip Yurksaitis, Emmanuel Zablan and Martin Zelada (hereinafter "Plaintiffs" –

Plaintiffs' respective addresses are attached as **Exhibit A**), by counsel, state as follows for their Complaint against the City of Norfolk, Virginia on behalf of themselves and all others similarly situated:

## NATURE OF THE CASE

1.      This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201, et seq. and Va. Code §9.1-700, et seq., statutes which, applied together, provide that Virginia law enforcement officers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of their regularly scheduled hours.

2.      This case presents a collective action under the FLSA in which Plaintiffs seek declaratory relief, injunctive relief and relief for unpaid overtime compensation and liquidated damages for themselves and others similarly situated.

3.      The Plaintiffs also assert a claim under Va. Code §9.1-700, et seq. pursuant to this Court's supplemental jurisdiction also seeking declaratory relief, injunctive relief and unpaid overtime required to be paid to Virginia law enforcement personnel under this statute.  Plaintiffs bring this claim for themselves, individually, and others similarly situated seeking class relief pursuant to Fed. R. Civ. P. 23.

4.      The Defendant suffered or permitted, and continues to suffer or permit, Plaintiffs to work hours in excess of one hundred sixty (160) and one hundred seventy-one (171) with regular work schedules of forty (40) hours per week or the equivalent during their assigned twenty-eight (28) day work periods and, in some cases, hours in excess of forty (40) and forty-three (43) in a seven (7) day work period, and eighty-six and 67/100 (86.67) and ninety-two (92)

during assigned fifteen (15) day work periods in violation of both the FLSA and Va. Code §9.1-700, et seq.

5.     Former and current employees of the Norfolk Police Department may file written consents to join this representational action under the FLSA though no such consents are required under Va. Code §9.1-700. Each of the named Plaintiffs in this Complaint has filed their written consent herewith.

## PARTIES

6.     Defendant is a municipal corporation within the Commonwealth of Virginia and is comprised of various municipal agencies and departments including the Norfolk Police Department which is the primary law enforcement agency within the City of Norfolk. The Norfolk Police Department is comprised of police officers and various clerical, administrative and management personnel. It employs over eight hundred (800) individuals, including approximately seven hundred (700) sworn law enforcement officers. At all times relevant hereto, Defendant was a "public agency" as that term is defined by 29 U.S.C. §§203(e)(2)(C) and 203(x).

7.     Defendant is an "employer" both within the meaning of 29 U.S.C. §207(a)(1) and Va. Code §9.1-700. Defendant was the Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d) and Va. Code §9.1-700 at all times relevant to this matter.

8.     Plaintiffs are residents of Virginia and North Carolina and are, or have been, police officers employed by the Defendant. At all times relevant hereto, Plaintiffs were law enforcement officers who are, or have been, employed by Defendant within the meaning of the FLSA and Va. Code §9.1-700, et seq.

9.      Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant as police officers.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, 2202.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

11.     Venue is proper in this judicial district under 28 U.S.C. §1391(b).

12.     Defendant is subject to personal jurisdiction within the Commonwealth of Virginia and is located within the Norfolk Division of the United States District Court for the Eastern District of Virginia.  Defendant maintains its principal place of business at City Hall, 810 Union Street, Norfolk, Virginia 23510.  Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## COLLECTIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

13.     The Plaintiffs file their statutorily authorized collective action pursuant to 29 U.S.C. §216(b) as Representative Plaintiffs.  Plaintiffs each consent to become party Plaintiffs in this representative FLSA action as evidenced by Plaintiffs' "consents" filed herewith.

14.     The Defendant has employed, and continues to employ, many law enforcement officers performing the same job functions and job descriptions as those performed by the Plaintiffs.  The Plaintiffs and all similarly situated law enforcement officers have performed, and/or continue to perform, work which entitles them to payment of overtime compensation that they have not received.  The Defendant has compensated the Plaintiffs and those similarly situated pursuant to a common, uniform compensation scheme and pursuant to the same or

closely similar wage payment practices. The Defendant's payroll operations are centrally managed and the Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendant has established uniform payroll policies governing the tracking, recording and payment of overtime compensation which applied to all Plaintiffs in the performance of law enforcement duties for the Defendant at all times relevant to this action.

15. All of the Plaintiffs were, and/or continue to be, paid by the hour. The Plaintiffs' job duties, and the job duties of those similarly situated to them, are not exempt from coverage under the FLSA and Va. Code §9.1-700, et seq.

16. Plaintiffs assert that Defendant's willful disregard of the overtime laws asserted herein entitles the Plaintiffs and similarly situated employees to the benefit of the three year limitations period and, in addition, to equitable tolling of the otherwise applicable statutes of limitation.

## GENERAL FACTUAL ALLEGATIONS

17. The Defendant has employed, and continues to employ, Plaintiffs as police officers. Plaintiffs' duties have consisted of, and continue to consist of, maintaining the peace, maintaining law and order, protecting the citizens of Norfolk and investigating crimes and/or citizen complaints.

18. The Plaintiffs were and continue to be non-exempt under the FLSA and Va. Code §9.1-700 et seq. and paid hourly at all times relevant to this matter.

19. The Plaintiffs were generally employed to work one hundred sixty (160) hours during a twenty-eight (28) day work period or, in some cases, a forty (40) hour week every seven (7) days, eighty-six and 67/100 (86.67) hours every fifteen (15) days or one hundred fourteen (114) hours every twenty (20) day work period. The Plaintiffs and other similarly situated

employees worked, and continue to work, regularly scheduled work hours which recur week after week.  Plaintiffs have been and continue to be frequently assigned extra duties and non-recurring types of work assignments.

20.     Regulations promulgated by the United States Department of Labor, including 29 CFR §553.230, require that, as law enforcement employees, Plaintiffs received overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of the hours listed below for the "work periods" indicated:

| WORK PERIOD (DAYS) | MAXIMUM HOURS STANDARDS – LAW ENFORCEMENT |
|---|---|
| 28 | 171 |
| 27 | 165 |
| 26 | 159 |
| 25 | 153 |
| 24 | 147 |
| 23 | 141 |
| 22 | 134 |
| 21 | 128 |
| 20 | 122 |
| 19 | 116 |
| 18 | 110 |
| 17 | 104 |
| 16 | 98 |
| 15 | 92 |
| 14 | 86 |
| 13 | 79 |
| 12 | 73 |
| 11 | 67 |
| 10 | 61 |
| 9 | 55 |
| 8 | 49 |
| 7 | 43 |

21.     Va. Code §9.1-700, et seq. mandates that police officers employed by police departments with 100 or more officers be provided an enhanced overtime benefit.  It requires employers to pay police officers at one and one-half times their regular hourly rate of pay for all

hours worked above and beyond their regular and recurrent work schedules. For example, if an officer's regular schedule requires him to work forty (40) hours per week, or one hundred sixty (160) hours every twenty-eight (28) days, he will be entitled to an overtime premium for every hour worked more than forty (40) per week, or one hundred sixty (160) every twenty-eight (28) days, irrespective of the fact that he does not exceed the maximum hours standard set forth at 29 CFR §553.230.

22.     The "work periods" designated for most of the Plaintiffs were twenty-eight (28) days, however, some Plaintiffs' work periods were designated as twenty (20) days, fifteen (15) days and seven (7) days. Nearly all Plaintiffs were regularly assigned work hours equivalent to forty (40) hours over an average seven (7) day work period or one hundred sixty (160) hours over twenty-eight (28) days. While the Defendant appears to have calculated overtime hours based on a twenty-eight (28) day work period for many of the Plaintiffs, they tracked and paid the Plaintiffs time worked in fifteen (15) day increments. Nearly all Plaintiffs were regularly scheduled to work eighty-six and 67/100 (86.67) hours in the typical fifteen (15) day increment which, mathematically, is equivalent to forty (40) hours over a seven (7) day week. Defendant routinely failed to pay the Plaintiffs overtime compensation at one and one-half times their regular rate of pay for all hours worked over eighty-six and 67/100 (86.67) for fifteen (15) days and one hundred sixty (160) for twenty-eight (28) days, and failed to pay properly for other defined work periods, in violation of Va. Code §9.1-701 through 703. In addition, there were several periods in which Plaintiffs did not receive overtime compensation at one and one-half times their regular rate of pay after they had worked ninety-two (92) hours over a fifteen (15) day period and one hundred seventy-one (171) hours over a twenty-eight (28) day work period, and failed to pay properly for other defined work periods, in violation of the FLSA.

23. In addition to recorded work time that was not compensated in accordance with the FLSA and Va. Code §9.1-700, et seq., Defendant has regularly failed to pay and/or deducted significant increments of time from the Plaintiffs' hours worked resulting in Plaintiffs not being paid overtime compensation for all time worked. The following are examples of unlawful and improper deductions from overtime worked that violate both the FLSA and Va. Code §9.1-700 et seq. and resulted in Plaintiffs not receiving overtime compensation to which they were entitled:

a) Police officers subpoenaed for hearings beginning at 0900 in various courts would be directed on their respective subpoenas to arrive at 0830. In many of these instances, the City of Norfolk Human Resources Department would deduct the half hour between 0830 and 0900 from the police officers' hours worked asserting that the officers' work did not begin until 0900, despite the officers being subpoenaed to appear, and actually appearing, at 0830.

b) Many Plaintiffs are provided City of Norfolk cell phones and "smart phones" and are required to take calls and review and respond to e-mails, calls and texts that they receive from colleagues, supervisors, informants, witnesses, etc. during off-duty hours. This time is significant for those officers provided these devices ranging from 15 minutes to more than two hours per officer per week.

c) Many of the Plaintiffs serve in an "on-call" capacity and have actually been called into work in off-duty hours only to be told, upon arrival, that their services are not needed and that they will not be paid.

d) Many of the Plaintiffs have served in an "on-call" capacity and their personal liberty is so restricted as to constitute time worked under applicable law and regulations.

e)     The Plaintiffs were responsible for keeping their service weapons clean. This required many of them to clean and periodically "field-strip" their weapons during off-duty hours, a task for which they were not provided overtime compensation.

f)     Police officers were often not paid for break time worked entitling them to overtime compensation that was not paid in violation of both the FLSA and Va. Code §9.1-700, et seq.

24.     Plaintiffs and other similarly situated employees have regularly worked other time for which they have not received overtime compensation in violation of both the FLSA and Va. Code §9.1-700, et seq.

25.     Defendant continues to deny Plaintiffs and similarly situated employees overtime compensation to which they are entitled.

26.     Plaintiffs and other similarly situated employees worked, and were and are expected to work, hours in excess of their regularly scheduled forty (40) hours in an individual week, eighty-six and 67/100 (86.67) hours in a fifteen (15) day work period, one hundred fourteen (114) hours in a  twenty (20) day work period and over one hundred sixty (160) hours in a twenty-eight (28) day period for which Defendant has failed and refused to pay overtime compensation as required by Va. Code §9.1-701 through 703.

27.     Plaintiffs and other similarly situated employees worked, and were and are expected to work, hours in excess of forty-three (43) hours in an individual week, over ninety-two (92) in a fifteen (15) day work period, over one hundred twenty-two (122) in a twenty (20) day work period and over one hundred seventy-one (171) in a twenty-eight (28) day work period for which Defendant has failed and refused to pay overtime compensation in violation of the FLSA.

28.     The precise amount of compensation due each and every Plaintiff is unknown because the information required (i.e., time records, pay records, etc.) are within the exclusive control of the Defendant.

29.     The Defendant's supervisors, managers and human resources professionals actually observed or had actual knowledge that the Plaintiffs worked substantial uncompensated overtime on a routine basis. Moreover, the Defendant's record keeping systems and directives will demonstrate that the Plaintiffs worked substantial uncompensated overtime with the Defendant's actual knowledge.

30.     The Defendant knew or showed reckless disregard for the fact that their pay policies violated the FLSA and Va. Code §9.1-700 et seq., and they committed the aforesaid violations willfully, recklessly and in bad faith.

31.     Defendant has an obligation under the FLSA to maintain accurate records of time worked by employees. Defendant failed to maintain accurate time records of the time Plaintiffs expended efforts on the Defendant's behalf. Moreover, the Defendant inaccurately recorded, reported and paid Plaintiffs for numerous work periods.

32.     Defendant has shown a reckless disregard for the FLSA's overtime requirements for law enforcement personnel. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, they ignored or willfully attempted to avoid their legal obligations.

33.     Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant had no legitimate reason to believe their actions and omissions were not a violation of the FLSA thus entitling Plaintiffs, and those similarly situated, to recover an

award of liquidated damages in amounts equal to the amount of unpaid overtime compensation described above.

**Factual Allegations Related to Plaintiffs' State Law Claims**

34.     As a matter of Defendant's written payroll policy and, specifically, Norfolk Police Department General Order ADM-390, Defendant only pays overtime compensation for work over forty-three (43) hours worked in a seven (7) day work period, ninety-two (92) hours worked in a fifteen (15) day work period, one hundred twenty-two hours (122) in a twenty (20) day work period and one hundred seventy-one (171) hours worked in a twenty-eight (28) day work period.

35.     Accordingly, as a matter of stated policy, the Defendant does not make payment of overtime compensation for hours worked between forty (40) and forty-three (43) in a seven (7) day work period, between eighty-six and 67/100 (86.67) and ninety-two (92) in a fifteen (15) day work period, between one hundred fourteen (114) and one hundred twenty-two (122) hours in a twenty (20) day work period and between one hundred sixty (160) and one-hundred seventy-one (171) in a twenty-eight (28) day work period. This practice is a clear violation of Va. Code §9.1-700, et seq.

36.     Plaintiffs are often required to work in excess of their regularly recurring schedules of forty (40) hours every seven (7) days, eighty-six and 67/100 (86.67) hours every fifteen (15) days, one hundred fourteen (114) every twenty (20) days, and one hundred sixty (160) hours every twenty-eight (28) days.

37.     Va. Code §§9.1-700, et seq. requires the Defendant to pay the Plaintiffs at one and one-half times their regular hourly rate for all hours worked above and beyond their regular and recurrent work schedules.

38.     The Defendant's written, established payroll policy is to pay "straight time," i.e., the Plaintiffs' regularly hourly rate, for all hours worked between forty (40) and forty-three (43) hours over a seven (7) day work period, between eighty-six and 67/100 (86.67) and ninety-two (92) hours over a fifteen (15) day work period, between one hundred fourteen (114) and one hundred twenty-two (122) hours over a twenty (20) day work period and between one hundred sixty (160) and one hundred seventy-one (171) hours over a twenty-eight (28) day work period.

39.     Pursuant to Va. Code §9.1-700 through 703 all hours should be paid at one and one-half times the Plaintiff's regular hourly rate to the extent these hours are between the statutory maximum permitted under 29 U.S.C. §207(k) and the hours for which an employee is regularly scheduled.

## Allegations Related to Rule 23 Class Certification

40.     The named Plaintiffs seek to serve as the Fed. R. Civ. P. 23 class representatives and to assert claims pursuant to Va. Code §9.1-700 et seq. on behalf of themselves as individuals and on behalf of current and former Norfolk police officers who, during any time within the past three (3) years, were employed in the ranks of Sergeant and below.

41.     Prosecuting this action on an individual basis would require the filing of hundreds of redundant individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

42.     Certification of a class of current and former Norfolk police officers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the class representatives and the proposed class.

43.     The class sought to be represented by the named Plaintiffs is so large that joinder is impracticable, if not impossible.  There are currently over 700 current and former Norfolk

police officers who have been unlawfully denied overtime compensation to which they are entitled pursuant to Va. Code §9.1-700, et seq.

44.     Defendant has employed uniform pay practices, scheduling practices, time recording practices and compensation practices in the calculation and payment of overtime compensation and has applied these practices in a common manner to the class representatives and to those other officers they seek to represent.

45.     The relief sought by the class representatives for overtime compensation is typical of the relief which is sought on behalf of the proposed class.

46.     Plaintiffs are excellent class representatives. Their interests are identical to those members of the proposed class they seek to represent. The Plaintiffs have knowledge of Defendant's scheduling and compensation practices.

47.     The putative class members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized scheduling and compensation practices and their recovery in either an individual or class action would be based on the amount of overtime compensation that they have been denied by the Defendant.

48.     The class representatives and their counsel are not aware of any other litigation concerning the same controversy that has been initiated or is currently being contemplated.

49.     The employment practices complained of herein occurred exclusively in this judicial district and concentrating the claims in this forum is appropriate.

## COUNT I

### *Violation of the Fair Labor Standards Act*

50.     All allegations set forth in this Complaint are incorporated into this Count by this reference.

51.     The FLSA requires covered employers such as the Defendant to compensate police officers at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty-three (43) hours in a seven (7) day work period, ninety-two (92) hours in a fifteen (15) day work period and one hundred seventy-one (171) hours in a twenty-eight (28) day work period. The Defendant failed to do so.

52.     Each of the Plaintiffs, and all those similarly situated, has performed work qualifying for payment of overtime pay under the FLSA, but for which they have not been paid.

53.     As a direct, actual and proximate result of the Defendant's actions, each of the Plaintiffs has suffered significant economic loss.

**WHEREFORE,** Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

1)      Pursuant to the procedure of the United States Supreme Court set forth in *Hoffman-Larouche v. Sperling*, 493 U.S. 165, 110 S.Ct. 42 (1989) to certify this case as a representational action and approve the sending of a notice and consent form to all employees whom Defendant employed in the position of police officer or any other similar, non-exempt position between September 29, 2009, and the present time informing each such individual of this lawsuit and the right to file a written consent to join this action;

2)      An award of all overtime compensation due to each of them for all hours worked during the three years preceding the filing of this Complaint;

3)      An award of an equal and additional amount as liquidated damages;

4)      An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

5)      An award of all Plaintiffs' costs and reasonable attorneys' fees;

6)      Interest at the applicable legal rate accruing from each week compensation was not paid;

7)      All such other relief as the Court deems appropriate under the circumstances.

## COUNT II

### *Violation of Va. Code §9.1-700, et seq.*

54.      All allegations set forth in this Complaint are incorporated into this Count by this reference.

55.      The Defendant has failed to pay the Plaintiffs overtime compensation to which they are entitled under Va. Code §§9.1-701 through 9.1-703.

56.      The Defendant's policy and practice of paying only "straight time" and refusing to pay "overtime" for hours worked between forty (40) and forty-three (43) over a seven (7) day work period, eighty-six and 67/100 (86.67) and ninety-two (92) over a fifteen (15) day work period, between one hundred fourteen (114) and one hundred twenty-two (122) hours over a twenty (20) day work period and between one hundred sixty (160) and one hundred seventy-one (171) over a twenty-eight (28) day work period has deprived Plaintiffs, and others who are subject to the same policies, of an overtime premium equal to fifty percent (50%) of their regular hourly rate which should have been included as part of their overtime pay rates for all hours set forth above.

57.     The Plaintiffs are entitled to payment of all withheld overtime compensation, an additional amount as liquidated damages and payment for all attorneys' fees and costs of this proceeding pursuant to Va. Code §9.1-704.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

1)      Certify this action asserting the putative class rights under Va. Code §9.1-700, et seq. to proceed as a class action under Fed. R. Civ. P. 23 upon Plaintiffs' filing of a Motion for Class Certification with notice to those employees and former employees similarly situated, including those who may no longer be employed by the City of Norfolk, but who have performed these duties at any time within the three (3) year period preceding the filing of this action, informing them of the existence of this action, the claims set forth herein and their rights;

2)      An award of all overtime compensation due to each of them for all hours worked during the three years preceding the filing of this Complaint;

3)      An award of an equal and additional amount as liquidated damages;

4)      An award of injunctive relief or appropriate declaratory relief requiring compliance with Va. Code §9.1-700;

5)      An award of all Plaintiffs' costs and reasonable attorneys' fees;

6)      Interest at the applicable legal rate accruing from each week compensation was not paid;

7)      All such other relief as the Court deems appropriate under the circumstances.

## TRIAL BY JURY DEMANDED

The Plaintiffs request a jury trial on all issues raised in this Complaint.

Respectfully submitted,

**WILLIAM KEITH WININGEAR, et al**

By: _____
                                          Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Jason E. Messersmith, VSB No. 77075
Patricia A. Melochick, VSB No. 80694
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com
pmelochick@pwhd.com

Richard J. Serpe, VSB No. 33340
Cindra Dowd, VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com