IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM KEITH WININGEAR, et al,

    Plaintiffs,

v.                                            Civil Action No. 2:12cv560

CITY OF NORFOLK, VIRGINIA,

    Defendant.

## DECLARATION OF WILLIAM KEITH WININGEAR

I, William Keith Winingear, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1.     My name is William Keith Winingear. I am a citizen and resident of the United States and the Commonwealth of Virginia. I have personal knowledge of the information contained in this Declaration, and I give this Declaration of my own free will.

2.     I have been employed as a police officer by the City of Norfolk, Virginia police department ("City" or "Police Department") from August of 1997 through the present date, and have served in several capacities as both a uniformed patrol officer and a detective/investigator.

3.     Additionally, I serve as the president of the Norfolk chapter of the Fraternal Order of Police, an organization of Norfolk officers affiliated with the national Fraternal Order of Police ("FOP"). In this capacity, I have become closely familiar with the work schedules, compensated time, payroll practices and duties of my fellow Norfolk police officers serving in patrol, traffic, narcotics, K-9, special assignment, homicide, general detective and other units.

4.     I carefully reviewed the Complaint filed in this action. I confirm that all allegations set forth therein are true and accurate to the best of my knowledge and belief.

**EXHIBIT 1**

5. All Plaintiffs in this action, and all potential plaintiffs, are, or have been, hourly police officers employed by the City of Norfolk at the rank of sergeant and below. These officers were paid by the City of an hourly, non-exempt basis.

6. The City has employed, and continues to employ, over five hundred (500) law enforcement officers performing the same job functions and job descriptions as those performed by the Plaintiffs. The Plaintiffs and the other law enforcement officers referenced herein have performed, and/or continue to perform, work which entitles them to payment of overtime compensation that they have not received. These duties include maintaining the peace, protecting the citizens of Norfolk, enforcing the law and investigating crimes and complaints. The Defendant City of Norfolk has compensated the Plaintiffs and those similarly situated pursuant to a common, uniform compensation scheme and pursuant to the same or closely similar wage payment practices. The Defendant's payroll operations are centrally managed and the Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendant has established uniform payroll practices governing the tracking, recording and payment of overtime compensation which applies to all Plaintiffs and potential plaintiffs in the performance of law enforcement duties for the Defendant at all times relevant to this action.

7. The Plaintiffs have been employed for varying lengths of time with some Plaintiffs having worked as police officers for the City for decades. The Plaintiffs, and all potential plaintiffs, were generally employed to work one hundred sixty (160) hours during a twenty-eight (28) day work period or, in some cases, a forty (40) hour week every seven (7) days, eighty (80) hours every fourteen (14) days, eighty-six and sixty-seven/one hundreds (86.67) hours every fifteen (15) days, or one hundred fourteen (114) hours every twenty (20) day work period. The Plaintiffs and all potential plaintiffs worked, and/or continue to work,

regularly scheduled work hours which are recurring. Plaintiffs and all potential plaintiffs have been and continue to be frequently assigned extra duties and other non-recurring types of work assignments. The Plaintiffs have not received all overtime compensation due to them.

## FAIR LABOR STANDARDS ACT VIOLATIONS

8. The City has regularly failed to pay Plaintiffs overtime compensation for all time worked. The following work and tasks are examples of overtime work performed for the City for which officers have never been compensated, this type of work was done off-the-clock by all classes of officers including patrol, detectives, special units, traffic, etc.:

a) Police officers subpoenaed for hearings beginning at 0900 in various courts would be directed on their respective subpoenas to arrive at 0830. In many of these instances, the City of Norfolk Human Resources Department would deduct the half hour between 0830 and 0900 from the police officers' hours worked asserting that the officers' work did not begin until 0900, despite the officers being subpoenaed to appear, and actually appearing, at 0830.

b) Many Plaintiffs are provided City of Norfolk cell phones and "smart phones" and are required to take calls and review and respond to e-mails, calls and texts that they receive from colleagues, supervisors, informants, witnesses, etc. during off-duty hours for which they are not paid. This time is significant for those officers provided these devices ranging from 15 minutes to more than two hours per officer per week. Many officers perform the same type of work on personal devices.

c) Many of the Plaintiffs serve in an "on-call" capacity and have actually been called into work in off-duty hours only to be told, upon arrival, that their services are not needed and that they will not be paid.

      d)      Many of the Plaintiffs have served in an "on-call" capacity and their personal liberty is so restricted as to constitute time worked under applicable law and regulations.

      e)      The Plaintiffs were responsible for keeping their service weapons clean. This required many of them to clean and periodically "field-strip" their weapons during off-duty hours, a task for which they were improperly denied overtime compensation.

      f)      Police officers were often not paid for break time worked entitling them to overtime compensation that was not paid in violation of both the FLSA and Va. Code §9.1-700, et seq.

      g)      Police officers were often not paid their full overtime premium to which they were entitled for special details.

## VIRGINIA GAP TIME VIOLATIONS

9.      The Fair Labor Standards Act and regulations promulgated by the United States Department of Labor, including 29 CFR §553.230, require that, as law enforcement employees, Plaintiffs receive overtime compensation at one and one-half times their regular rate of pay for all hours worked in excess of the hours listed below under the caption "Maximum Hours Standards". Moreover, the Virginia gap time statute, Va. Code §9.1-703 et seq. requires that all hours worked or paid above the officers' regular recurrent schedules noted below under the caption "Gap Time Threshold" be paid at one and one-half times the officers' regular rate of pay. Generally, the common work periods used by the City of Norfolk results in the following gap time thresholds, maximum hour standards and "gaps" as noted below:

| WORK PERIOD (DAYS) | GAP TIME THRESHOLD (HOURS) | MAXIMUM HOUR STANDARDS | THE "GAP" (HOURS) |
|---|---|---|---|
| 28 | 160 | 171 | 11.00 (171 - 160) |
| 20 | 114 | 122 | 8.00 (122 – 114) |
| 15 | 86.67 | 92 | 5.33 (92 – 86.67) |
| 14 | 80 | 86 | 6.00 (86 – 80) |
| 7 | 40 | 43 | 3 (43 - 40) |

10.  Plaintiffs and potential plaintiffs have worked substantial hours in the "gap" identified above without being paid overtime compensation at one and one-half times their regular rate of pay in violation of the Virginia gap time statute.

11.  It is important to note that of the time and payroll records reviewed thus far, other than the "off the clock" FLSA claims discussed above, there appears to be little or no dispute about hours actually worked, time actually paid and the rate at which time was actually paid for the Plaintiffs and potential plaintiffs. The Plaintiffs have developed a computer program which renders the calculation of the gap time owed a relatively easy and efficient process.

12.  The calculations and evaluations of the time owed to the police officers asserting these claims are essentially identical, differing only in their defined work periods (seven, fourteen, fifteen, twenty and twenty-eight days), their regular hourly rate of pay, their regular recurring work schedules (e.g., generally seven days/40 hours, fourteen days/80 hours, fifteen days/86.67 hours, twenty days/114 hours and twenty-eight days/160 hours) and the actual hours paid and worked. The Plaintiffs all appear to have identical factual situations for purposes of Virginia gap time analysis with the only variables being those listed in the previous sentence. In other words, there are no individualized factual questions other than the variables of hours

worked, regular hourly rate and regular recurring work schedules and hours actually paid. These are all variables for which the program developed by me, discussed above, will immediately, easily and readily provide full and complete resolution from electronically transferred data. In fact, once this data is downloaded, the amounts owed to each officer under the Virginia gap time statute will be readily and easily calculated. In this respect, the officers' claims could not be more typical or common as among themselves.

13. Our direct supervisors and other management level officers with the City of Norfolk Police Department are aware that officers, including myself, regularly have performed work for the Police Department which has not been compensated at all, inappropriately compensated at our straight time rates when overtime rates should have been paid and otherwise paid in violation of the FLSA and the Virginia gap time statute.

14. Within the last three years, the hours that I have worked without compensation combined with the hours worked during my regularly scheduled shifts and other uncompensated work hours, in total, have resulted in my working over the limits prescribed by the Virginia gap time statute and the FLSA without overtime compensation for such time worked.

15. The circumstances of my job, the jobs of the other Plaintiffs and potential plaintiffs often require that we work outside our regularly scheduled hours without receiving overtime compensation as mandated by the FLSA and the Virginia gap time statute.

16. Based on the number of officers employed by the City, and considering the fact that several officers retire and/or resign or are terminated every year, I believe that there are at least 200 to 250 officers eligible to assert overtime claims against the City, including gap time claims, who have not yet done so.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date:   9/30/13

William Keith Winingear