IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM KEITH WININGEAR, et al,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　Civil Action No. 2:12cv560

CITY OF NORFOLK, VIRGINIA,

    Defendant.

### DECLARATION OF DONALD BURNS

I, Donald Burns, declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. My name is Donald Burns. I am a citizen and resident of the United States and the Commonwealth of Virginia. I have personal knowledge of the information contained in this Declaration, and I give this Declaration of my own free will.

2. I have been employed as a police officer by the City of Norfolk, Virginia police department ("City" or "Police Department") for more than thirty (30) years. I am currently employed in the position of sergeant in the patrol division and have held this position for more than fifteen (15) years.

3. During my service in the capacity as a patrol officer and as a sergeant in the patrol division I have become closely familiar with the work schedules, compensated time, general payroll practices and the duties of my fellow Norfolk patrol officers.

4. For a very significant period of time, and since at least October of 2009, law enforcement officers within the City of Norfolk have performed, and continue to perform, work entitling them to payment of overtime compensation that they have not received. Since at least

**EXHIBIT 3**

Declaration of Donald Burns

October of 2009, the City has compensated its law enforcement officers under a common compensation scheme employing the same or closely similar wage payment practices. My observation has been that the City's payroll operations are centrally managed and that Norfolk's law enforcement officers are subject to common, uniform time-keeping and payroll practices.

5. It has been my direct observation that the City's law enforcement officers were generally employed to work one of several schedules including 160 hours during a 28 day work period or, in other cases, a 40 hour work week every 7 days, 80 hours every 14 days, 86 and a fraction of an hour every 15 days or 114 hours every 20 day work period. The City's law enforcement officers have worked, and continue to work, regularly scheduled work hours which are recurring. Our officers have been, and continue to be, assigned extra duties and other non-recurring types of work assignments. The City has failed to pay overtime compensation for significant portions of this work since, at least, October of 2009.

6. The City has regularly failed to pay law enforcement officers overtime compensation for all overtime actually worked. The following work and tasks are examples of overtime work performed for the City for which officers have not been compensated:

    a) There have been occasions when police officers subpoenaed for hearings beginning at 0900 in various courts would be directed on their respective subpoenas to arrive much earlier than that. In some of these instances, the City of Norfolk Human Resources Department or police department administrative staff would deduct the time between when the officer was directed to report and time the hearing began despite the officers being subpoenaed to appear, and actually appearing, significantly earlier.

2

Declaration of Donald Burns

    b)    Officers are sometimes required to stand in line or otherwise wait for evidence to be retrieved on occasions when their testimony is required and the time is uncompensated.

    c)    Some officers are provided City of Norfolk cell phones and "smart phones" and are required to take calls and review and respond to e-mails, calls and texts that they receive from colleagues, supervisors, informants, witnesses, etc. during off-duty hours for which they are not paid. The total of this uncompensated time is often quite significant. Other officers perform the same type of work on personal devices.

    d)    Officers have served in an "on-call" capacity, and their personal liberty is extremely restricted, without compensation.

    e)    Officers are responsible for keeping their service weapons clean. This requires many of them to clean and periodically "field-strip" their weapons during off-duty hours, a task for which they were improperly denied overtime compensation.

    f)    Officers have sometimes been denied proper overtime for break time worked.

    g)    Officers were often not paid their full overtime premium to which they were entitled for special details.

    7.    The City has consistently refused to pay officers the overtime benefits to which they are entitled under Virginia's "gap time" law. Many officers regularly received pay stubs indicating that their "regular hours" for a 15 day period were "86.67." Very often officers, including myself, would receive pay stubs that stated: "regular hours 86.67" and, for example, "straight additional hours 6.0" or statements closely to that effect. It has been clear to me for quite some time that, in Virginia, officers are entitled to receive overtime in the amount of time

3

Declaration of Donald Burns

and a half for every hour they work above and beyond their "regular hours" or regular recurring work schedule. My fellow patrol officers and I have never received these overtime payments, and we have worked significant "gap time" (portions of which are often reported on our pay statements as "straight additional hours") without receiving our overtime premiums. It is my understanding that this conduct violates Virginia Code §9.1-703, et seq.

8. It appears clear to me that management level officers within the Norfolk Police Department are aware that their fellow officers, including myself, regularly have performed work for the Police Department which has not been compensated properly, have been inappropriately compensated at our straight time rates when overtime rates should have been paid and otherwise paid in violation of the Fair Labor Standards Act and the Virginia gap time statute. Within the last three years, the hours that my fellow patrol officers have worked without compensation, and the hours that I have worked without proper compensation, combined with the hours worked during our regularly scheduled shifts and other uncompensated work hours, in total, have resulted in our working over the limits prescribed by the Virginia gap time statute and the Fair Labor Standards Act without overtime compensation being paid to us for such time worked.

9. The circumstances of our jobs in the patrol division often require that we work outside our regularly scheduled hours without receiving overtime compensation as mandated by these laws.

Declaration of Donald Burns

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: 10/1/2013

Donald Burns