IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILLIAM KEITH WININGEAR, ET AL.**

                    **Plaintiffs,**

v.                                          **Civil Action No. 2:12cv560**

**CITY OF NORFOLK, VIRGINIA,**

                    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Defendant City of Norfolk's ("Defendant" or

"Norfolk") Motion to Dismiss Plaintiffs' State Law Claims and Hybrid Class Action Allegations

for Failure to State a Claim and For Lack of Jurisdiction under Federal Rule of Civil Procedure

12(b)(1) ("Motion").  Doc. 14.  After careful consideration of the parties' briefs and arguments

raised at the August 28, 2013 hearing, the Court took the matter under advisement.  For the

reasons stated herein, Defendant's Motion is **DENIED.**

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.  Factual Allegations[1]

Plaintiffs are a group of police officers currently and formerly employed by Defendant in

hourly, non-exempt positions (collectively, "Plaintiffs"), who are alleging violations of federal

and state law with respect the payment of overtime compensation.  Compl. ¶ 22, ECF No. 1

---

[1] "In considering a motion to dismiss, [a court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).  The Court cautions, however, that the facts alleged by Plaintiff are recited here for the limited purpose of deciding the instant Motion to Dismiss.  The recited facts are not factual findings upon which the parties may rely for any other issue in this proceeding.

(hereinafter, "Doc. 1"). Specifically, Plaintiffs allege that they have not received compensation for hours worked in excess of their regularly scheduled hours. Id. Plaintiffs also allege that they have not been compensated for time during which they fulfilled work related obligations, such as: being called while "on call" only to be turned away upon reporting to work; fielding phone calls during off-duty hours; and arriving to court a half-hour early for a court appearance, as a subpoena requests, but only being paid for the actual appearance. Doc. 1 ¶ 23.

Plaintiffs seek declaratory relief, injunctive relief, unpaid overtime compensation, and liquidated damages for themselves and others similarly situated pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. and Virginia Code section 9.1-700, et seq. While there are some differences between the statutory schemes, both laws provide that law enforcement officers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of their regularly scheduled hours ("overtime compensation"). Doc. 1 ¶ 1. Relief under the FLSA is only available to those who meet its eligibility threshold, which is defined in terms of number of overtime hours worked in a prescribed work period. See 29 U.S.C. § 207(k). For example, a law enforcement officer is eligible for relief after working more than 171 hours in a twenty-eight (28) day work period. 29 C.F.R. § 553.230. Virginia law permits officers to recover overtime compensation for any overtime hours worked that falls below the FLSA eligibility threshold. Va. Code § 9.1-701.

Plaintiffs' federal claims are brought using the FLSA's collective action provision. 29 U.S.C. § 216(b). Plaintiffs allege that this Court has supplemental jurisdiction over its state law claims; and seek to certify a class action under Rule 23 of the Federal Rules of Civil Procedure.[2]

---

[2] According to the Complaint, this class would include approximately 700 current and former Norfolk Police Officers who have been denied overtime compensation to which they are entitled. Compl. ¶ 43. To date, there are roughly 400 individuals that have filed written consent to participate in the FLSA collective action.

**B.  Procedural History**

The Complaint was filed on October 11, 2012.  Doc. 1.  On February 5, 2013, Plaintiffs

filed a Joint Motion for Extension of Time to Effect Service, which the Court granted, giving

Plaintiffs until February 19, 2013 to effect service of process.  Docs. 8–10.  On March 8, 2013,

Defendant filed its Answer, the instant Motion, and supporting briefs.  Docs. 13–15.  Plaintiffs'

Response in Opposition was filed on April 4, 2013, and Defendant's Reply was filed on April

10, 2013.[3]  On April 11, 2013, the Clerk referred the Motion for review.

The parties participated in oral argument at the August 28, 2013 hearing.  After

considering the parties' respective positions, the Court took the matter under advisement.

## II.   LEGAL STANDARDS

**A.  Motion to Dismiss for Failure to State a Claim[4]**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve

contests surrounding the facts, the merits of a claim, or the applicability of defenses.  Republican

Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), citing Bell Atl. Corp. v.

Twombly, 127 S. Ct. 1955, 1974 (2007); see Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420

(4th Cir. 2005) ("In considering a motion to dismiss, we accept as true all well-pleaded

allegations and view the complaint in the light most favorable to the plaintiff.") (citing Mylan

Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).  Although the court must accept as true

all well-pleaded factual allegations, the same is not true for legal conclusions.  "Threadbare

---

[3] The Court granted Plaintiffs' Motion for Extension of Time to File Response on March 18, 2013, setting an April 4, 2013 deadline for filing of the Response in Opposition.

[4] While the instant Motion does not appear to argue that Plaintiffs have failed to state a claim for which they are entitled to relief, the Court nevertheless includes the legal standard for a 12(b)(6) dismissal.

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

**B.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal when the Court lacks subject matter jurisdiction.  The plaintiff, having invoked the jurisdiction of the court, bears the burden of proving that subject matter jurisdiction is proper.  A.W. ex rel. Wilson v. Fairfax Cnty. Sch. Bd., 548 F. Supp. 2d 219, 221 (E.D. Va. 2008).

A motion to dismiss for lack of subject matter jurisdiction may be presented in two different ways.  Edwards v. Murphy-Brown, L.L.C., 760 F. Supp. 2d 607, 614 (E.D. Va. 2011) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  First, a Defendant may argue that the complaint fails to allege facts upon which subject matter jurisdiction can be based, in which case, all facts alleged in the complaint are assumed to be true, and the plaintiffs receives the same procedural consideration as with a Rule 12(b)(6) consideration.  Id.  In the second instance, a defendant challenges the veracity of the jurisdictional allegations of the complaint. Id.  Then, a district court is to regard the allegations contained in the pleadings as mere evidence, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.  Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see also Williams v. United States, 50 F.3d 299, 304 (4th Cir.1995) (noting that a district court may weigh the evidence and resolve factual disputes regarding jurisdiction by considering evidence outside the complaint).  While a Rule 12(b)(1) motion to dismiss is not converted into a motion for summary judgment, "[a] court should only grant a 12(b)(1) motion to dismiss 'if the material jurisdictional facts are not in dispute and the moving

4

party is entitled to prevail as a matter of law.'" Wilson, 548 F. Supp. 2d at 221 (quoting

Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

### III.   ANALYSIS

Defendant asks the Court to decline to exercise supplemental jurisdiction over Plaintiffs'

state law claims.  Doc. 15 at 3.  Before determining whether the Court has the discretion to

exercise supplemental jurisdiction over Plaintiffs' state law claims, it must first determine

whether it is empowered to do so.

**A.  Whether the Court has Power to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

A court with original jurisdiction over any claim may exercise supplemental jurisdiction

over "all other claims that are so related that they form part of the same case or controversy."  28

U.S.C. § 1367(a).  Section 1367 embodies the standard established in the seminal case, United

Mine Workers v. Gibbs, where the Supreme Court determined that a district court with valid

jurisdiction over a federal claim had the discretion to exercise supplemental jurisdiction over

additional state claims if the state claims arose out of "a common nucleus of operative fact" such

that the plaintiff would ordinarily be expected to try the claims in one judicial proceeding.  383

U.S. 715, 722 (1966); see also White v. County of Newberry, S.C., 985 F.2d 168, 171 (4th Cir.

1993).

The Court has original jurisdiction over Plaintiffs' FLSA claim, as it arises under federal

law.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions

arising under the Constitution, laws, or treatise of the United States.").

Plaintiffs argue that the exercise of supplemental jurisdiction over its Virginia law claim

is appropriate because it relies on the same underlying facts as the FLSA claim and presents

"identical legal issues that are common to all of the officers working for Norfolk in hourly non-

5

exempt positions." Doc. 19 at 2. Specifically, Plaintiffs note that both the FLSA and Virginia claims "are based on how the officers were scheduled and how many hours they worked inside and outside their regular schedules." Doc. 19 at 3. Both counts allege that Defendant failed to pay the officers the proper overtime for hours worked in excess of their regularly scheduled hours. Id. The only difference, Plaintiffs argue, is that the state law claim alleges that Defendant failed to pay officers proper overtime for hours worked in excess of the officer's regularly scheduled hours but below the eligibility threshold for relief under the FLSA. Doc. 19 at 3–4.

Defendant argues that the Plaintiffs' characterization is both factually and legally inaccurate. Doc. 20 at 1–2. In support of this contention, Defendant asks the Court to consider the different eligibility thresholds under the FLSA and Section 9.1-701(A) of the Virginia Code. Doc. 20 at 2. Defendant finds the fact that Virginia law protects hourly employees only up to the point where they become eligible for the protections of the FLSA significant.

The Court agrees with Plaintiffs' characterization of the claims as being "so intertwined as to set forth a single case or controversy." Both claims are brought by officers of the Norfolk Police Department who are working (or have worked) in hourly, non-exempt positions. Both claims allege that Defendant has failed to compensate officers for hours worked in excess of their regular schedules. Both claims require the Court to consider how the officers were scheduled and how many hours they worked, if any, outside their regular schedules. While the requested relief is brought under different legal theories, and may be calculated differently, Plaintiffs' claims are still "essentially a single claim," as they revolve around a "central fact pattern." White, 985 F.2d at 172.[5]

---

[5] In fact, there is likely to be significant factual overlap, because, as Defendant pointed out, where Virginia's protections end, the FLSA's protections begin. Thus, any Plaintiff entitled to relief under the FLSA would automatically be eligible for relief under section 9.1-701(A).

Accordingly, the Court **FINDS** that it has the power to exercise supplemental jurisdiction over Plaintiffs' claims based on Virginia law.

## B. Whether the Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims

A court may, in its discretion, decline to exercise supplemental jurisdiction over a claim that meets the requirements of § 1367(a) if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim[s] with original jurisdiction; (3) all claims with original jurisdiction have been dismissed; or (4) in exceptional circumstances, there are compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Plaintiffs' FLSA claim, which has original jurisdiction pursuant to 28 U.S.C. § 1331, has not been dismissed, and Defendant does not argue that Plaintiffs' state law claims predominate. Thus, the Court only has discretion to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims if they: (1) raise novel or complex issues of state law, or (2) are an exceptional circumstance presenting compelling reasons to decline jurisdiction. 28 U.S.C. § 1367(c)(1), (4).

### i.   Novel or Complex Issues of State Law

Section 1367(c)(1) grants the court discretion to decline to exercise supplemental jurisdiction where a state law claim raises a novel or complex issue of state law. 28 U.S.C. § 1367(c)(1). Whether a particular legal issue is "novel or complex" is a fact-intensive inquiry. See, e.g., Arrington v. City of Raleigh, 369 F. App'x 420, 423 n.2 (4th Cir. 2010) (noting that the briefing and argument presented demonstrated that the state legal questions at issue were intricate and important).[6] However, even if a claim presented a novel or complex question of

---

[6] Limited guidance on the concept of a "novel" claim has been provided by courts in the Middle District of Pennsylvania and the Eastern District of Wisconsin, where it appears that issues that have not been addressed by any

state law, a district court is not required to remand such a claim, because, as pointed out by the Fourth Circuit, "[s]ection 1367(c) is permissive-it merely allows a district court to dispose of a state claim over which it could exercise supplemental jurisdiction." Isaac v. N. Carolina Dep't of Transp., 192 F. App'x 197, 200 (4th Cir. 2006); see also 28 U.S.C. § 1367(c).

Defendant does not initially argue that Plaintiffs' state law claims present a novel or complex issue of state law. Rather, Defendant simply notes that section 9.1-701 has "not been subject to judicial review of its substantive terms." Doc. 15 at 2. Defendant does not explain the significance of this observation, nor does Defendant identify any language of the provision needing judicial interpretation.[7] Defendant clarifies its position in the Reply, where it contends that the difference between the manner in which overtime hours worked are determined in the FLSA and section 9.1-701 is so divergent as to create a novel or complex issue of state law. Doc. 20 at 4.

The Court does not believe that the language of Virginia Code section 9.1-701 is so complex that it requires judicial interpretation.[8] Rather, the meaning of the provision is clear from the plain language of the statute, as emphasized by the ease with which the Court communicated the meaning of the provision in Rogers v. City of Richmond, Virginia. 851 F.

---

state court (is a case of first impression), or are currently before a state appellate court are appropriately remanded. See Sawyer v. Atlas Heating & Sheet Metal Works, Inc., 731 F. Supp. 2d 849, 850 (E.D. Wis. 2010); Erdman v. Nationwide Ins. Co., 621 F. Supp. 2d 230, 238 (M.D. Pa. 2007) aff'd, 582 F.3d 500 (3d Cir. 2009).

[7] This deficiency is noted by Plaintiffs in the Opposition. Doc. 19 at 4.

[8] The code provides, in relevant part:

> Employers shall pay fire protection or law-enforcement employees overtime compensation or leave, as under the Fair Labor Standards Act, 29 U.S.C. § 207 (o), at a rate of not less than one and one-half times the employee's regular rate of pay for all hours of work between the statutory maximum permitted under 29 U.S.C. § 207 (k) and the hours for which an employee receives his salary, or if paid on an hourly basis, the hours for which the employee receives hourly compensation. . . .The provisions of this section pertaining to law-enforcement employees shall only apply to employers of 100 or more law-enforcement employees.

Va. Code § 9.1-701.

Supp. 2d 983, 986–87 (E.D. Va. 2012) (finding that the FLSA did not preempt Virginia Code section 9.1-701). There, the Court easily interpreted the language of section 9.1-701(A), finding it dealt solely with the gap, if any, between an employee's regular schedule of employment and the federal overtime trigger found at § 207(k). Id.[9]

The Court is similarly unconvinced that the absence of an enumerated work period creates a complex issue of state law. The FLSA provides overtime compensation to officers that have worked more than a set number of hours in a defined seven (7) to twenty-eight (28) day work period. See 29 U.S.C. § 207(k); see also 29 C.F.R. § 553.230(b) (setting threshold for FLSA compensable overtime worked in a 28 day period at 171 hours). Virginia law is more flexible, allowing employers to adopt any work period of between seven to twenty-eight days to compute overtime compensation, as long as the work period is recurring and fixed. Va. Code § 9.1-702. This difference means that the number of overtime hours worked for claims arising under the FLSA and Virginia law may need to be calculated differently for officers in the two groups. This is merely a factual issue that could easily be resolved in discovery.

Consequently, the Court **FINDS** that Plaintiffs' state law claims do not raise a novel or complex issue of state law, and **DENIES** Defendant's Motion on this ground.

    ii. Compelling Reasons for Declining Supplemental Jurisdiction

Section 1367(c)(4) grants a court discretion to decline to exercise supplemental jurisdiction "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). This provision has been narrowly interpreted. See Executive Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1558 (9th Cir. 1994) overruled on other grounds by California Dep't of Water Res. v.

---

[9] This Court also notes that in the approximately eight (8) years since the statute was amended to contain this clause, Virginia courts have not subjected it to judicial review.

Powerex Corp., 533 F.3d 1087 (9th Cir. 2008) ("declining jurisdiction outside of [§1367] (c)(1)–(3) should be the exception, rather than the rule."); see also Wright & Miller, Federal Practice and Procedure (3d ed.) § 3567.3.

When declining to exercise jurisdiction under § 1367(c)(4), a court "must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the Gibbs values provide compelling reasons for declining jurisdiction in such circumstances." Executive Software N. Am., Inc., 24 F.3d at 1558. Compelling reasons are those "that lead a court to conclude that declining jurisdiction best accommodate[s] the values of economy, convenience, fairness, and comity." Id. at 1557 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988)).

### 1. *The Inherent Incompatibility of Aggregate Actions Brought under Rule 23 and FLSA § 216(b)*

Defendant argues that the "inherent incompatibility" of aggregate actions brought under the FLSA and Rule 23 is a compelling reason for the Court to decline supplemental jurisdiction. Doc. 15 at 3. At the root of this incompatibility, Defendant contends, is a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA §16(b)." Doc. 15 at 3–4 (quoting La Fleur et al. v. Dollar Tree Stores, Inc., 2013 WL 150722 * 4 (E.D. Va., Jan. 11, 2013) (unpublished)).

Plaintiffs collectively seek relief for violations of § 207(k), as well as for violations of section 9.1-701 of the Virginia code. Collective actions for relief from violations of the FLSA are governed by § 216(b), which provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). In contrast, Federal Rule of Civil Procedure 23(b)(3) requires that class members must affirmatively opt-out of the litigation

to be excluded from the class and not bound by the court's decisions.  Fed. R. Civ. P. 23(b)(3);

see also Fed. R. Civ. P. 23(c)(2)(B)(v) (detailing requirements of "opt-out" notice).

Courts that have concluded the two types of aggregate actions are incompatible have

expressed concern that the collective action authorized by the FLSA is undermined by permitting

supplemental state law class actions to be pursued in the same proceeding.  See Ervin v. OS Rest.

Servs., Inc., 632 F.3d 971, 977 (7th Cir. 2011).  These courts have interpreted the addition of an

affirmative opt-in requirement to FLSA collective actions as an expression of Congress' intent to

limit the scope and complexity of wage and hour actions in federal court.[10]

While the Fourth Circuit has not ruled on this issue, the weight of authority supports the

exercise of supplemental jurisdiction.  Each of the five circuits of the United States Courts of

Appeals that have addressed this question have rejected the argument that FLSA collective

actions are "inherently incompatible" with Rule 23 class actions based on state wage claims.  See

Knepper v. Rite Aid Corp., 675 F.3d 249, 261–62 (3rd Cir. 2012); Shahriar v. Smith &

Wollensky Rest. Group, 659 F.3d 234 (2nd Cir. 2011; Ervin, 632 F.3d at 974–75 (7th Circuit);

Wang v. Chinese Daily News, Inc., 623 F.3d 743 (9th Cir. 2010); and Lindsay v. Gov't

Employees Ins. Co., 448 F.3d 416 (D.C. Cir. 2006).[11]  While district courts are divided on this

issue, many have exercised supplemental jurisdiction over combined aggregate actions under the

FLSA and Rule 23, including several divisions in the Fourth Circuit.  See Calderon v. GEICO

General Ins. Co., 279 F.R.D. 337, 342 (D. Md. 2012) (listing cases); see also Ruffin v.

---

[10] Presumably, this is the same line of reasoning adopted by Defendant and his cited authority.  Defendant relies on two cases decided in the Eastern District of Virginia, Norfolk Division, for the proposition that FLSA collective actions are categorically incompatible with Rule 23 class actions.  See LaFleur, 2013 WL 150722 at * 4; see also Choimbol v. Fairfield Resorts, Inc. 475 F. Supp. 2d 557, 562 (E.D. Va. 2006).
[11] The Eleventh Circuit has allowed a plaintiff to bring a FLSA collective action along with a class action under another federal law with an opt-out provision.  See De Leon –Granados v. Eller and Sons Trees, Inc., 497 F.3d 1214 (11th Cir. 2007).

Entertainment of the E. Panhandle, 2012 WL 5472165 at *4 (N.D. W. Va. 2012) (slip copy)

(listing cases); Romero v. Mountaire Farms, Inc., 796 F.Supp.2d 700, 712 (E.D. N.C. 2011).

These courts have engaged in a rigorous statutory interpretation analysis; rejecting

blanket reliance on congressional intent in favor of in-depth examination of the text and

legislative history of the FLSA and concluding:

> there is no insurmountable tension between the FLSA and Rule
> 23(b)(3).   Nothing in the text of the FLSA or the procedures
> established by statute suggests either that the FLSA was intended
> generally to oust other ordinary procedures used in federal court or
> that class actions in particular could not be combined with an
> FLSA proceeding.

Ervin, 632 F.3d at 974; see also Knepper, 675 F.3d at 257–62 (providing a detailed review of the

legislative history of the opt-in requirement in § 216(b)).  In Ervin, for example, the Seventh

Circuit examined the language of § 216(b) and found the provision "makes no mention of state

wage and labor laws."  632 F.3d at 977.  Additionally, the court noted, the FLSA includes an

savings clause, with explicit language having the effect of preserving state and local regulations.

Id.; see also 29 U.S.C. § 218(a).[12]  The court also relied on the legislative history of § 216(b),

which suggested that Congress added the "opt-in" requirement in an effort to "eliminate lawsuits

initiated by third parties (typically union leaders) on behalf of a disinterested employee (in other

words, someone who would not otherwise have participated in the federal lawsuit)."  Id. at 978.

This expressed congressional purpose was not in tension with allowing an "opt out" class action

based on state law, because in that instance, the disinterested plaintiff would not be "entitled to a

single FLSA remedy, because she is not part of the FLSA litigating group."  Id.

---

[12] The clause provides, in relevant part, "[n]o provision of this chapter ... shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week.]."

12

The Court is persuaded by the reasoning adopted in these cases, and declines to limit its discretion by adopting a categorical rule barring Rule 23 class actions from being adjudicated simultaneously with a FLSA collective action.

### 2. *Other Considerations*

Defendant argues that the administrative challenges of bringing a combined aggregate action is in conflict with efficient and economical litigation, because bringing such a case to trial "pose[s] an insurmountable threat of confusing the jury" with the different classes, legal standards, and evidentiary issues associated with the FLSA and state law claims. Doc. 15 at 4.

The Court disagrees. The Court finds that the exercise of supplemental jurisdiction in this case is consistent with the values articulated in Gibbs and its progeny–economy, convenience, fairness, and comity. Gibbs, 383 U.S. at 726; See also Executive Software N. Am., Inc., 24 F.3d at 1557 (quoting Carnegie-Mellon Univ., 484 U.S. at 351).

While the different procedural and statutory frameworks involved in the instant action may pose administrative challenges, dealing with these challenges is more efficient than remanding the state law claims less than six months before trial. See Doc. 23 (Rule 16(b) Scheduling Order). It is an unjustifiable waste of scarce judicial resources to have two judicial forums hearing parallel lawsuits involving nearly identical facts and complementary legal theories. See Romero, 796 F.Supp.2d at 712; see also Ervin, 632 F.3d at 981.[13] Such a result would be inconsistent with the principle of judicial economy, which extends to our brethren in state courts. Compounding this inefficiency is the fact that such an arrangement would increase

---

[13] The relief available under Virginia Code section 9.1-701 operates in tandem with the FLSA. See Rogers, 851 F. Supp. 2d at 986–87 (noting that Virginia law deals solely with the "gap" between an employee's regular schedule of employment and the federal overtime trigger established by § 207(k)). This is especially the case where there will be significant overlap among the members of the two groups, given that any officer that is eligible for FLSA relief is also likely entitled to relief under section 9.1-701 of the Virginia Code.

the risk of inconsistent adjudications.  See Calderon, 279 F.R.D. at342.  Retaining the state law

claims is plainly more convenient, economical, and efficient for the parties, who would

otherwise be forced to litigate two complementary claims that are premised on the same facts in

separate forums, at great expense.  See Ervin, 632 F.3d at 981 ("The identity of the issues, the

convenience to both plaintiffs and defendants of not having to litigate in multiple forums, and the

economy of resolving all claims at once suggests that an exercise of supplemental jurisdiction

will normally be appropriate. In all but the most unusual cases, there will be little cause for

concern about fairness or comity.").  Consequently, the Court will exercise supplemental

jurisdiction over Plaintiffs' state law claims, and Defendant's Motion to Dismiss is **DENIED**.

### IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' State Law

Claims and Hybrid Class Action Allegations, Doc. 14, is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date:  October _16_, 2013