IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



WILLIAM KEITH WININGEAR, ET AL

        Plaintiff,

v.                                                Civil Action No. 2:12cv560

CITY OF NORFOLK, VIRGINIA,

        Defendant.

## ORDER

This matter is before the Court on the following motions:

- Plaintiff Keith Winingear, et al's ("Plaintiffs") Motion for Conditional Collective Action Certification Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Pursuant to Fed. R. Civ. P. 23 ("Class Certification Motion"), Doc. 29;
- Plaintiffs' Motion for Leave to File First Amended Complaint ("Amendment Motion"), Doc. 56;
- Defendant City of Norfolk's ("Defendant" or "City") Motion for Summary Judgment with Respect to Count II of the Complaint ("Summary Judgment Motion"), Doc. 58;
- Defendant's Motion to Certify a Question of Law to the Supreme Court of Virginia ("Question Certification Motion"), Doc. 60;
- the Parties' Joint Motion for Continuance of Trial ("Motion to Continue"), Doc. 77; and
- Defendant's Motion for Leave to File Supplemental Brief ("Motion to Supplement"), Doc. 79.

For the reasons stated herein, the Summary Judgment Motion (Doc. 58), Question Certification Motion (Doc. 60), Motion to Continue (Doc. 77), and Motion to Supplement (Doc. 79) are **DENIED**. Plaintiffs' Amendment Motion (Doc. 56) is **DENIED** as **MOOT**, while the Joint

1

Amendment Motion (Doc. 81) is **GRANTED**.[1] Finally, Plaintiffs' Class Certification Motion (Doc. 29) is **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for unpaid overtime compensation brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. and Virginia Code § 9.1-700, et seq. Plaintiffs are law enforcement officers currently or former employed by Defendant City of Norfolk ("City" or "Defendant"). Plaintiffs allege that they did not receive overtime compensation for hours worked in excess of their regularly scheduled hours, nor did they receive any form of compensation (including overtime compensation) for required work that was completed "off-the-clock" or off-duty.

The Complaint in the instant Action was filed on October 11, 2012. Doc. 1. Since then, the parties filed a number of pretrial motions. The Class Certification Motion was filed on October 2, 2013, and referred for review on October 25, 2013. The Amendment Motion was filed on December 30, 2013, referred for review on December 31, 2013, and rendered moot when the Parties filed the Joint Amendment Motion on January 25, 2014. Docs. 55, 81. The Summary Judgment and Question Certification Motions were filed on January 7, 2014, and referred for review on January 27, 2014. The Motion to Continue was filed on and referred for review on January 24, 2014. The Motion to Supplement was filed on January 25, 2014, and did not mature before the Court considered it.

On January 29, 2014, the Court conducted a hearing by telephone to resolve the outstanding pretrial motions, where it ruled from the Bench.[2] The Court's findings and dispositions of the various pretrial motions are briefly set forth below.

---

[1] Plaintiffs' Amendment Motion was rendered moot by the Parties' January 25, 2014 filing of the Joint Motion for Leave to File the First Amended Complaint and Answer ("Joint Amendment Motion"). Doc. 81.

## II. THE CLASS CERTIFICATION MOTION

In the Class Certification Motion, Plaintiffs sought the following relief:

- Conditional certification of a FLSA collective action consisting of "all FLSA **non-exempt and/or hourly law enforcement officers employed by the City of Norfolk between October 10, 2009 and the present date who were improperly denied overtime pay under the FLSA to which they were entitled.**"

- an Order compelling Defendant to fully identify and provide all available contact information for all putative class members, and issuing notice to the officers that have not yet "opted-in" to the collective action; and

- certification of a class, pursuant to Rule 23(b)(3), consisting of "[a]ll **City of Norfolk law enforcement officers who performed any work for the City between October 10, 2009 and the present date, who were non-exempt under the FLSA and/or paid by the hour and who were improperly denied overtime compensation under Va. Code § 9.1-700, et seq.**" Doc. 29.

The Court **FINDS** that Plaintiffs supported their request for relief with sufficient evidence for the Court to conclude that members of the collective action were "similarly situated" as required by Enkhbayar Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). The Court also **FINDS** that Plaintiffs set forth facts tending to demonstrate that the proposed Rule 23 class met the prerequisites for class action certification set forth in Federal Rule of Civil Procedure 23(a) and 23(b)(3). Accordingly, the Court **GRANTS** Plaintiffs' Class Certification Motion (Doc. 29), **ADOPTS** the class definitions set forth above. The Court

---

[2] The hearing was initially scheduled to be held in person at the United States Courthouse in Norfolk, Virginia. However, the Courthouse was closed on January 29-30, 2014 due to inclement weather. Given the time sensitive nature of the motions, the Court decided to hold the hearing by telephone. Representatives for Plaintiffs and Defendant attended the hearing, which was transcribed

3

further **FINDS** that Plaintiffs' counsel meet the requirements for appointing class counsel set forth in Federal Rule of Civil Procedure 23(g) and **APPOINTS** the attorneys and law firms identified in paragraph five (5) of ECF No. 29 as class counsel. The Court **ORDERS** Defendant to provide Plaintiffs with contact information for potential class members within **two (2) business days** of the date of the hearing. The Court **FURTHER ORDERS** the parties to confer and finalize the collective action notice and opt-out notice required by Federal Rule of Civil Procedure 23(b)(3), and issue the notices (by electronic means where feasible), on Friday, January 31, 2014. Barring unforeseen difficulties, notice recipients have **fourteen (14) days** to either: (1) file their written consent to participate in the collective action; and/or (2) communicate their desire to be excluded from the Rule 23 class

### III.  THE AMENDMENT MOTION AND JOINT AMENDMENT MOTION

In the Amendment Motion, Plaintiffs sought leave to make several changes to the Complaint, namely, the addition of the more than one hundred individuals who have filed consent to join the FLSA collective action as named plaintiffs, and various corrections to the factual allegations that were intended to provide clarity. Doc. 55. Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.

Here, Plaintiffs' Amendment Motion was rendered moot by the Parties' January 25, 2014 filing of the Joint Motion for Leave to File the First Amended Complaint and Answer ("Joint Amendment Motion"). Doc. 81. This Joint Amendment Motion was filed pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that a party may amend its pleading with the opposing party's written consent or the court's leave. The Joint Amendment Motion constituted sufficient written consent to permit the filing of the First Amended Complaint and a First Amended Answer. Fed. R. Civ. P. 15(a)(2); see also Doc. 82. Accordingly, the Amendment

4

Motion (Doc. 55) is **DENIED** as **MOOT**, and the Joint Amendment Motion (Doc. 81) is **GRANTED**. The Clerk's Office is **DIRECTED** to enter the document filed as ECF No. 56-2 as the First Amended Complaint. Defendant has seven (7) days from January 29, 2014, to file its First Amended Answer.

## IV. THE SUMMARY JUDGMENT MOTION

Defendant asks the Court to dismiss Plaintiffs' state law claims, raised in Count II of the Complaint, because in their view, Plaintiffs are not entitled to relief, as Virginia Code Section 9.1-700 et seq does not require payment of overtime compensation for any hours worked beyond a law enforcement employee's regularly scheduled hours up to the FLSA maximum hours standard. Doc. 59 at 7.

The Court disagrees. The Court is not persuaded that Defendant's proffered interpretation of Virginia Code Section 9.1-700 et seq is supported by a plain reading of the statute. To the contrary, the Court has reviewed the language of the statutory scheme and **FINDS** that it is clearly a "gap time" statute. See Rogers v. City of Richmond, 851 F. Supp. 2d 983, 986 & n.4 (E.D. Va. 2012). Accordingly, the Court **DENIES** Defendant's Summary Judgment Motion, Doc. 58.

## V. THE QUESTION CERTIFICATION MOTION

Defendant moves the Court to certify the following question to the Supreme Court of Virginia:

> Given that City of Norfolk's non-exempt law-enforcement employees were paid their regular hourly compensation (straight time) for all hours worked up to the maximum hours standards established by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. [§] 207(K) [sic], and are paid at time-and-a-half (overtime) for all hours above the FLSA maximum hours standards, meaning that the difference between all hours or work below the FLSA statutory maximum and the hours for which the employee receives hourly

5

>  compensation is zero; does Virginia Code Section 9.1-701 require overtime payment for all hours of work in excess of the employees' regularly scheduled work hours but less than the FLSA statutory maximum, when the defined term "regularly scheduled work hours" appears nowhere in Section 9.1-701, which instead refers to "the hours for which the employee receives hourly compensation"?

Doc. 61 at 2–3. Defendant argues that the Virginia Supreme Court's guidance is necessary to clarify the appropriate interpretation of the overtime provision found at Virginia Code Section 9.1-701. Defendant maintains that the Plaintiffs interpretation of this provision as providing overtime compensation for the "gap" between a law enforcement officer's regularly scheduled hours and the FLSA maximum hours standard is not supported by the plain language of the provision. Doc. 61 at 3. Defendant argues that the proposed certification question is determinative, because the interpretation of Virginia Code Section 9.1-701 is critical to resolution of Count II of the Complaint, and correctly notes that the subsection at issue has not been addressed by the Virginia Supreme Court or Virginia Court of Appeals. Id.

The Court declines to certify Defendant's proposed question to the Supreme Court of Virginia. As discussed above, the Court has reviewed the language of the relevant statutory scheme and finds, as in Rogers, that it is clearly a "gap time" statute. 851 F. Supp. 2d at 986 & n.4. Moreover, the Court is troubled by the timing of the Question Certification Motion. It was filed more than a year and three months after the Complaint was filed, nearly one hundred (100) days after the Motion to Dismiss was denied, and a little over a month before trial. The parties and the Court have expended considerable effort on the issues Defendant now seeks to certify; and certification at this stage would result in a considerable waste of judicial resources, and unduly delay proceedings.

Accordingly, the Court **DENIES** Defendant's Question Certification Motion, Doc. 60.

## VI. THE MOTION TO CONTINUE

The Parties request that the Court continue trial in the instant action until September 2013, "so that both parties can adequately and appropriately fulfill their obligations with respect to conditional class certification, class certification, and discovery requests and responses." Doc. 77 at 4. Having resolved outstanding issues with regard to class certification, and because there are not outstanding discovery motions, the Court **FINDS** a continuance to be inappropriate under the circumstances. The Court is concerned that the instant action has gone much longer than necessary, given the uncomplicated nature of the claims. Accordingly, the Court **DENIES** the Parties' Motion to Continue (Doc. 77). However, to facilitate the resolution of any issues that may arise between now and the March 4, 2014 trial date, the final pretrial conference will be held the afternoon of February 24, 2014, and the Court will entertain any additional pretrial motions (including a motion to decertify) that morning at 11:00 a.m. The Parties are instructed to communicate with the Court should they run into any problems.

## VII. THE MOTION TO SUPPLEMENT

Defendant seeks an opportunity to supplement its failure to raise an argument in opposition to Plaintiffs' request to certify a Rule 23 putative class. Doc. 80 at 1. Defendant initially argued that consideration of Plaintiffs' request for Rule 23 certification was premature; because Defendant's Motion to Dismiss was pending at the time the City filed its Opposition. Doc. 34.[3] In light of the Court's denial of Defendant's Motion to Dismiss, Defendant seeks an opportunity to present its substantive arguments opposing Plaintiffs' request for Rule 23 class certification. Doc. 80 at 2. Defendant is silent, however, as to why it did not raise these

---

[3] Defendant's initial opposition was filed on October 16, 2013; the Court entered its Order denying the Motion to Dismiss later the same day. Docs. 34-35.

arguments in its timely filed Opposition, nor does Defendant explain why it took three months to request leave to supplement its Opposition.

The Court **FINDS** Defendant's Motion to Supplement is untimely filed and would prejudice the Plaintiffs.[4] Defendant offers no explanation for the fourteen (14) week delay, nor does Defendant explain why it declined to oppose Plaintiffs' request for Rule 23 certification in its initial Opposition. Finally, Defendant's Motion to Supplement is filed so close to the date of the hearing on the Class Certification Motion that Plaintiffs have insufficient time to oppose the Motion to Supplement or to file a supplemental reply. The Court cannot reward such dilatory tactics. Accordingly, the Court **DENIES** Defendant's Motion to Supplement (Doc. 79).

### VIII. CONCLUSION

For the reasons stated herein, the Summary Judgment Motion (Doc. 58), Question Certification Motion (Doc. 60), Motion to Continue (Doc. 77), and Motion to Supplement (Doc. 79) are **DENIED**. Plaintiffs' Amendment Motion (Doc. 56) is **DENIED** as **MOOT**, while the Joint Amendment Motion (Doc. 81) is **GRANTED**. Finally, Plaintiffs' Class Certification Motion (Doc. 29) is **GRANTED**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: February 3, 2014

---

[4] Defendant filed the instant Motion on January 25, 2014, exactly 101 days after the Court issued its Order denying Defendant's Motion to Dismiss, thirty-three (33) days after the Court set the hearing on the Motion for Class Certification, and a mere four (4) days before the hearing.