IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM KEITH WININGEAR, ET AL

                **Plaintiff,**

v.                                          Civil Action No. 2:12cv560

CITY OF NORFOLK, VIRGINIA,

                **Defendant.**

## ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of their Settlement Agreement and for Dismissal of Plaintiffs' Case with Prejudice ("Motion"), Doc. 130. For the reasons stated herein, the Court **GRANTS** Preliminary Approval of the Settlement and **CERTIFIES** the FLSA collection action for the purposes of settlement only.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action for unpaid overtime compensation brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq. and Virginia Code § 9.1-700, et seq. Plaintiffs are law enforcement officers currently or formerly employed by Defendant City of Norfolk ("City" or "Defendant"). Plaintiffs allege that they did not receive overtime compensation for hours worked in excess of their regularly scheduled hours, nor did they receive any form of compensation (including overtime compensation) for required work that was completed "off-the-clock" or off-duty.

The Complaint in the instant Action was filed on October 11, 2012. Doc. 1. Since then, the parties filed a number of pretrial motions. On February 3, 2014, the Court entered an Order certifying a class action under Federal Rule of Civil Procedure 23 on the state law claim, and

1

conditionally certifying a collective action on the FLSA claims. Doc. 90. The parties were able to reach a settlement agreement, and the instant Motion was filed on May 15, 2014. Doc. 130.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 23(e) requires court-approval of any proposed settlement of a class action lawsuit, and further requires that class members receive notice of the settlement before the court approves it. Furthermore, the FLSA also requires court-approval of settlements. Patel v. Barot, No. 4:13cv59, 2014 WL 1624001, at *4 (E.D. Va. April 23, 2014). The factors governing court approval of settlements under Rule 23 and the FLSA are similar. Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1319, 2009 WL 3094955, at *11 (E.D. Va. Sep. 28, 2009).

Courts generally follow a two-step procedure for approving class action settlements. Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994). First, the Court conducts a preliminary review of the proposed settlement to determine if it "is within the range of possible approval, or in other words, whether there is probable cause to notify the class of the proposed settlement." Id. (quoting Armstrong v. Bd. of School Directors, 616 F.2d 305, 312 (7th Cir. 1980)) (internal quotation marks omitted). Once the Court grants preliminary approval and notice is sent to the class, the Court conducts a fairness hearing to determine if the proposed settlement is "'fair, reasonable, and adequate.'" Horton, 855 F. Supp. at 827 (quoting Armstrong, 616 F.2d at 314). At the final fairness hearing, the Court considers the factors set forth in Flinn v. FMC Corp., 528 F.2d 1169 (4th Cir. 1975).

## III. ANALYSIS

At this stage, in determining if the settlement falls within the range of possible approval, the "court must 'consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" In re Nat'l Football League Players' Concussion Injury Litig., 961 F. Supp. 2d

708, 714 (E.D. Pa. 2014) (quoting In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007)). Preliminary approval is not merely a judicial rubber-stamp of the parties' agreement, and must be exacting and thorough. In re Nat'l Football League, 961 F. Supp. 2d at 714. The Court must be provided with the necessary information "to evaluate the fairness or adequacy of a proposed settlement." Id. at 715 (citing Martin v. Cargill, Inc., 295 F.R.D. 380, 383–84 (D. Minn. 2013)).

### a. Settlement Terms

The settlement agreement provides for a total fund of $3,200,000. Doc. 132 ¶ 6. $1,121,775.00 covers the Virginia state law claims; $847,975.00 covers the FLSA claims; and $1,230,250.00 covers the Plaintiffs' attorney's fees and costs. Id. ¶¶ 6–9. The agreement contains a release barring any subsequent claims for back wages. Id. ¶¶ 12; 15. The agreement sent to the Court does not contain the breakdown of how much each individual Plaintiff will recover, but the Motion represents that Plaintiffs have a formula to calculate this. Doc. 131 at 4. Any claims for periods of more than two years prior to filing of the Complaint and/or Consent to Join Suit are to be "substantially discounted because of evidentiary obstacles to proving willfulness on the particular facts of the case as presently postured." Id.

### b. The Court Will Grant Preliminary Approval of the Settlement Agreement

Upon review of the agreement, the Court **FINDS** that the settlement agreement falls within the range of possible approval. Both parties have retained experienced employment law litigators, and the parties have completed discovery. There were substantial hurdles for Plaintiffs to overcome that could have precluded any recovery at all. The attorney's fees, representing approximately 35% of the recovery, are similar to awards issued in other cases in the district. See, e.g., Patel, 2014 WL 1624001, at *6 (approving a recovery of 37% in a FLSA case).

The Court **ORDERS** that the parties present evidence upon the following.

First, the parties shall submit to the Court a detailed explanation of how they arrived at the settlement figure. This shall include calculations of what hypothetical recoveries would be expected upon the competing evidence (a high/low). Secondly, the parties shall provide the Court with the formula used to determine what each Plaintiff will receive from the settlement proceeds. See Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 653 (7th Cir. 2006) ("the court should nevertheless insist that the parties present evidence that would enable possible outcomes to be estimated, so that the court can at least come up with a ballpark valuation.") (internal quotation marks and citation omitted); see also Patel, 2014 WL 1624001, at *7 (noting the parties presented a range of potential recoveries Plaintiff could have obtained in his FLSA case so the Court could evaluate the fairness of the settlement agreement).

Thirdly, the parties shall provide the Court with a complete breakdown of the time and billing rates for this matter so the Court can conduct a proper lodestar analysis. Doc. 131 at 14. The Court will then determine if the attorney's fees in this matter are reasonable.

Fourth, the notice to class members is important, as it is their final opportunity to object to or opt out of the settlement. Martin, 295 F.R.D. at 383. Because the class was certified under Federal Rule of Civil Procedure 23(b)(3), the notice shall contain language affording members a new opportunity to request exclusion from the class. Fed. R. Civ. P. 23(e)(4). In the interests of efficiency, the Court **ORDERS** that any objections to the agreement shall be filed with the Court in advance of the hearing, in order to conduct the hearing in a more efficient manner. The Court **FURTHER ORDERS** that the notice shall be mailed by June 16, 2014. The notice shall also state that all objections shall be filed with the Court by 5:00 p.m. on June 30, 2014.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** preliminary approval of the proposed settlement agreement. The Court **GRANTS** final certification of the FLSA collective action for purposes of settlement only. The Court **SETS** the hearing for final approval of the settlement agreement for July 8, 2014 at 11:00 a.m.

The Parties are **ORDERED** to send a notice of the proposed settlement to all the class members in conformity with this Order by June 16, 2014. Any class members objecting to the settlement shall file such objections by 5:00 p.m. on June 30, 2014. The parties shall have until 5:00 p.m. on July 3, 2014 to file a response to any objections.

The Clerk is **REQUESTED** to electronically send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: June 4, 2014

5