**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **WILLIAM KEITH WININGEAR,** *et al.,* )  )  Plaintiffs, )  )  v. )  )  **CITY OF NORFOLK, VIRGINIA,** )  )  Defendant. ) | CA No. 2:12cv560-HCM-DEM |

**CLASS COUNSELS' FINAL PETITION FOR FEES AND COSTS
AND FOR APPROVAL OF DISTRIBUTION**

The law firms of Patten, Wornom, Hatten & Diamonstein, L.C., Richard J. Serpe, P.C. and David R. Simonsen, Jr., as Class Counsel for the Plaintiffs in this action, submit this Final Petition for Fees and Costs and for Approval of Distribution.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Class Counsel and paralegals have expended 2,422.45 professional hours and assert that a lodestar of $699,148.75 is appropriate. Shoemaker Dec., Ex. 1, at ¶4. In addition, Class Counsel have incurred $103,974.24 in costs. *Id.* Class Counsel requests a legal fee in the amount of $1,120,000.00 and reimbursement of all costs. The fee would constitute 35% of the total gross settlement amount. Class Counsel executed fee agreements with all pre-notice members of the class that called for a 40% contingency fee to be paid to Class Counsel. *Id.* at ¶5. Most additional class members who joined after notice was sent executed an agreement requiring the payment of a 35% contingency fee. *Id.* The reason for the difference is that by the time notice was sent, class counsel had decided to reduce the contingency fee from 40 to 35%. *Id.* Class Counsel also requests a cost award of $103,974.24. Class Counsel represent and affirm that as of the date of this filing, they are unaware of any objections to the contingent fee percentage and

cost recovery requested in this action. No objections were filed by the deadline established by the Court of June 30, 2014 at 5:00 p.m., and no such objections have ever been expressed to Class Counsel in any form.

On October 11, 2012 Plaintiff William Keith Winingear and over 300 other Norfolk police officers filed their two count complaint in the United States District Court for the Eastern District of Virginia. On October 2, 2013, Plaintiffs moved this Court for conditional certification pursuant to 29 U.S.C. §216(b) for its FLSA claims and class certification pursuant to Fed. R. Civ. P. 23 for its Virginia statute claims. On February 3, 2014, this Court conditionally certified the class for the asserted FLSA claims and certified the class for the asserted Virginia statute claims under Fed. R. Civ. P. 23. On January 31, 2014, Plaintiffs' counsel mailed notices to all potential claimants informing them of their rights in this action.

A total of 553 plaintiffs who have off the clock claims opted in to the FLSA collective action and 12 opted out of the state claim class action. Shoemaker Dec. at ¶3. There are a total of 892 plaintiffs in this action entitled to recovery including all FLSA and Virginia statute plaintiffs. *Id.* The parties conducted large-scale discovery in the case, including several sets of interrogatories, 29 depositions and the production and review of over 500,000 pages of emails, documents and computerized payroll and work records. *Id.* The parties also retained expert witnesses to review and evaluate wage and hour records. The Plaintiffs obtained and served two detailed expert reports in this action. The Plaintiffs consulted with other experts on separate topics. *Id.*

After completing this discovery, the parties participated in a two-day mediation on February 18-19, 2014 in Norfolk, Virginia. The mediation was conducted by the Honorable F. Bradford Stillman, a retired United States Magistrate Judge. After extensive, arms-length

negotiations, the parties reached a settlement agreement subject to approval by the Court. This settlement was formalized in a "Settlement Agreement and General Release" (hereinafter referred to as the "Settlement Agreement") dated May 14, 2014, which was previously presented to the Court. The settlement was reached less than two weeks before the scheduled commencement of trial. The Settlement Agreement includes every term and condition of the parties' agreement. The total gross settlement consideration to be paid by Norfolk under the Settlement Agreement, inclusive of costs and fees, is $3,200,000.00.

Plaintiffs' counsel began extensive work on this case in August of 2012 and have, as of the date of this filing, expended more than 2,422.45 hours of attorney and paralegal time bringing this matter to conclusion. In addition, Plaintiffs' counsel have borne $103,974.24 in costs and expenses in support of this action as of the date of this filing.

Class Counsel requests approval of the following distribution from the settlement fund:

| Total settlement amount: | $3,200,000.00 |
|---|---|
| Attorneys' fee: | $1,120,000.00 |
| Costs and expenses: | $103,974.24 |
| Distribution to Class: | $1,966,025.76 |
| Reserve Fund | $10,000.00 |

## II.   STANDARD FOR APPROVING FEE AND COST REQUESTS

Because "The FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs' the FLSA 'requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee

recovers under a settlement agreement.'" *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09cv58, 2010 U.S. Dist. LEXIS 47511 at *3-4, 2010 W.L. 181347, at *1 (W.D. Va. May 5, 2010), quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946) and *Silva v. Miller*, 307 F. Appx. 349, 351 (11th Cir. 2009).

In calculating an attorneys' fee award, the Court must first determine the "lodestar" amount which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). To assess reasonableness, the court considers and weighs the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). However, it is important to note that there is no "strict manner" in which the factors are to be considered and applied. *Trimper v. City of Norfolk*, 846 F. Supp. 1295, 1303 (E.D. Va. 1994), *aff'd* 58 F.3d 68 (4th Cir. 1995). The factors identified in *Johnson* are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Kennedy v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011).

The "lodestar" amount and the *Johnson* factors are discussed in detail below.

### III. THE LODESTAR AMOUNT AND THE *JOHNSON* FACTORS

The Plaintiffs assert that the appropriate lodestar is $699,148.75 for 2,422.45 professional hours expended. The justified cost recovery is $103,974.24.

4

A.  *Lodestar Amount and the Time and Labor Expended (Factor #1).*

In calculating an attorneys' fee award, the Court must first determine the "lodestar" amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). Through June 30, 2014, Class Counsel, including paralegals, now have more than 2,422.45 hours of time in this case. Dec. of James H. Shoemaker at ¶4 (attached as Exhibit 1). This hourly time equates to fees of more than $699,148.75. *Id.* at ¶¶4, 5. Invoices that accurately detail the foregoing time expended by Class Counsel are attached as Exhibit 4 (statement of PWHD); Exhibit 5 (statement of Serpe Firm) and Exhibit 6 (statement of David Simonsen). Class Counsel submits that their hourly rates are in line with prevailing market rates in the Norfolk, Virginia area for this type of case. *See* Dec. of James H. Shoemaker, Jr. at ¶4; Dec. of Joshua M. David at ¶6 (attached as Exhibit 2) and Dec. of Thomas M. Lucas at ¶6 (attached as Exhibit 3).

As to the time expended, the case presented numerous challenges and the sheer number of Plaintiffs involved warranted the expenditure of time. Class Counsel spent significant time meeting with officers prior to filing suit and analyzing the records and data available prior to filing. Class Counsel then spent an extraordinary amount of time preparing exhaustive discovery requests and reviewing tens of thousands of pages of documents and data that were produced. Class Counsel also had significant time responding to discovery served upon the Plaintiffs. Moreover, several complex motions raising novel issues of law had to be filed, briefed and/or responded to.

The "lodestar" amount and the time and labor expended by Class Counsel (the first *Johnson* factor) supports the 35% contingent fee requested by Class Counsel. This request is further supported by the inherent risk of taking such a matter on a contingent fee basis.

5

Accordingly, both the lodestar amount and *Johnson* factor #1 support the attorneys' fee award sought by Class Counsel.

**B.     *The Novelty and Difficulty of the Questions Raised (Factor No. 2).***

It is difficult to imagine an overtime case presenting more novel issues. The Defendant fought this case vigorously, and the matter was not resolved until less than two weeks prior to the commencement of trial. Several unique issues were raised by both the Plaintiffs and Defendant in this action that required labor intensive analysis and research. More than 22 affirmative defenses and two dispositive motions were presented by the Defendant in this case. Class Counsel is not aware of a Rule 23 class action ever having been certified in a Virginia overtime case prior to this action.

**C.     *The Skill of Counsel Required and the Reputation of Counsel (Factors No. 3 and 9).***

This case clearly required the expertise of attorneys who were knowledgeable and experienced in employment litigation and class actions. The case required significant experience litigating class and representational actions. Class Counsel are capable litigators with significant experience in federal court, employment law, wage and hour disputes, multiple party claims and class actions. The pleadings, briefs and argument presented throughout the litigation exhibited significant knowledge and understanding of applicable law. Plaintiffs' steering committee adopted the settlement terms at the recommendation of Class Counsel whose experience with and understanding of the FLSA and the Virginia statute weigh in favor of the Court's approval of the proposed settlement.

Plaintiffs' lead counsel in this matter was James H. Shoemaker, Jr. of Patten, Wornom, Hatten & Diamonstein, L.C. He was assisted by David R. Simonsen, Jr. of the law offices of David Simonsen, P.C. of Richmond; Cindra P. Dowd, Richard J. Serpe and Steven Lauer of the

Law Office of Richard J. Serpe, P.C.; and O. L. Gilbert of the law offices of Gilbert, Albiston & Keller, P.L.C. Plaintiffs' legal team was provided significant support by other associates and paralegals. Mr. Shoemaker and Mr. Simonsen each has significant experience representing plaintiffs in wage and hour cases, including large collective actions. Dowd, Serpe and Gilbert have significant experience in complex litigation including complex class actions. Shoemaker, Simonsen, Dowd, Serpe and Gilbert have been recognized by their peers for providing excellent representation in their respective areas of expertise in various ways, including: being listed in "Best Lawyers in America"; the "Virginia Legal Elite"; "Virginia Super Lawyers" and other similar recognitions. Shoemaker Declaration at ¶6.

D.   *The Attorneys' Opportunity Costs in Pressing the Instant Litigation (Factor No. 4).*

Class Counsel assigned significant resources to this case. Ten lawyers and paralegals spent more than 2,400 professional hours working on this matter. All of the professionals involved had substantial opportunities to apply their efforts in other cases and equally compensable work. Shoemaker Declaration at ¶4. This lost opportunity is supportive of the fee award sought.

E.   *The Customary Fee for Like Work and Attorney's Fees Award in Similar Cases (Factor No. 5 and Factor No. 12).*

The reasonableness of the hourly rates used in calculating the lodestar amount was discussed above. As to the percentage fee requested – thirty-five percent (35%) – that level of contingent fee is not unusual in the Eastern District of Virginia and FLSA cases. *See* Dec. of Joshua M. David at ¶7; Dec. of James H. Shoemaker, Jr. at ¶5. Forty percent contingency fees have been approved in FLSA collective actions, in multi-plaintiff FSLA suits and in single plaintiff FLSA actions. *See Epps v. Arise Scaffolding & Equipment, Inc.*, Civ. No. 2:10cv189 (E.D. Va. March 22, 2011) (Smith, J.) (order approving forty percent attorneys' fees in an FLSA

7

collective action with sixty-eight total plaintiffs settled for $365,000); *Cruz v. Verizon Maryland Inc.*, Civ. No. 1:11cv612 (E.D. Va. Jan. 31, 2012) (Ellis, J.) (order approving settlement of a multi-plaintiff FLSA case including a forty percent attorneys' fee); *Guzman-Anchante v. ZEK, III Inc.*, Civ. No. 1:10cv973 (E.D. Va. Apr. 19, 2011) (Trenga, J.) (order approving two-plaintiff FLSA settlement that includes a forty percent attorneys' fee); *Neser v. Trice Holding, LTD*, Civ. No. 2:10cv411 (E.D. Va. Jun. 8, 2011) (Friedman, J.) (order approving forty percent attorneys' fees in a single-plaintiff FLSA settlement). Class Counsel submits that the fee sought is well within the range of fees customarily awarded in cases of this sort. This factor of the *Johnson* test supports the fee award requested by Class Counsel.

F.  *The Attorneys' Expectations at the Outset of the Litigation (Factor No. 6).*

When each of the opt-in Plaintiffs submitted a Consent to join this action, they agreed to attorneys' fees of forty percent (40%) of the gross amount recovered for the Plaintiffs. Accordingly, a 40% contingency fee was Class Counsel's expectation at the outset of this litigation as to attorneys' fees. Shoemaker Declaration at ¶5. This "percentage of the fund" approach is the trend that most courts appear to favor in awarding attorney's fees in class action cases. *See, e.g., DeWitt v. Darlington County*, 2013 U.S. Dist. LEXIS 172624, at *18-19 (D.S.C. 2013) (stating that the percentage of the fund approach better aligns the interests of class counsel and class members by typing the attorneys' award to the overall result achieved). This factor favors the award of the attorneys' fee sought.

G.  *The Time Limitations Imposed by the Client or Circumstances (Factor No. 7).*

No extraordinary time limitations, other than the normal concerns in any litigation in this Court, were present in this case. It is worth noting, however, that the Court's history of strictly enforcing all dates can have an asymmetrical effect on smaller firms. This effect makes it more

likely that work in other forums must be delayed, cannot be attended to or must be referred out. Indeed, this was necessary to some extent in this case. This factor supports the fee requested.

### H. *The Amount in Controversy and the Results Obtained (Factor No. 8).*

The Supreme Court has stated that, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhrat*, 461 U.S. 424, 436 (1983). This case was settled for $3.2 million. Class Counsel is unaware of a wage and hour matter in the Hampton Roads metropolitan area ever being settled in an amount approaching this sum. The Plaintiffs in this case were motivated almost exclusively by their desire to be paid for hours worked in the gap. Even after the payment of all costs and fees, the officers will receive nearly 100% of the damages due to them for the primary claim asserted in the lawsuit. As to the OTC claim, most officers entered this case unaware that they had such a claim. In the face of the weekly certifications and each officer being paid 2.5 hours a week for their lunch breaks, the OTC recovery was significant in its own right. By any measure the results obtained in this case represent a just, large and significant recovery. This element strongly supports the fee requested.

### I. *The Experience, Reputation and Ability of the Attorneys and the Skills Required to Properly Perform the Legal Services Rendered (Factor No. 3 and Factor No. 9).*

This element has previously been addressed in the Motion for Preliminary Approval and earlier in this Memorandum. This factor supports the fee requested.

### J. *The Nature and Length of the Professional Relationship Between Class Counsel and Clients (Factor No. 11).*

There was no pre-existing attorney-client relationship between the Plaintiffs and Class Counsel.

### K. *Costs.*

Both the FLSA and the Virginia gap time statute require reimbursement of all costs. Class Counsel assert that the costs expended by counsel were reasonable and should be

reimbursed to counsel. A detailed listing of all costs incurred by Class Counsel is attached as Exhibit 7.

## IV. CONCLUSION

Class Counsel submits that both the "lodestar" amount and the *Johnson* factors support the award of the attorneys' fees sought, 35% of the total settlement amount, equating to a fee of $1,120,000.00. Class Counsel additionally request to be reimbursed from the gross settlement amount for all costs incurred in the amount of $103,974.24. These costs were properly incurred in representing the Plaintiffs. Defendant does not object to the request for award of attorneys' fees, costs and administrative expenses. It is important to note that these are the same or lesser amounts to which the Court previously granted preliminary approval. Finally, pursuant to the notice approved by the Court, all of the Plaintiffs were given the opportunity to object to the settlement, including the fees and costs to be paid to counsel. None of the Plaintiffs has objected. For all of these reasons, Class Counsel respectfully requests that their Petition for Fees and Costs and for Approval of Distribution be approved as follows:

| Total settlement amount: | $3,200,000.00 |
|---|---|
| Attorneys' fee: | $1,120,000.00 |
| Costs and expenses: | $103,974.24 |
| Distribution to Class: | $1,966,025.76 |
| Reserve Fund | $10,000.00 |

As to the reserve fund, Class Counsel submits that there is some chance of Plaintiff misidentification, although this now appears to be very small as counsel believes all such data errors have been corrected. Class Counsel does anticipate additional costs and there is some

possibility of additional invoices from vendors. Class Counsel proposes that any leftover balances from this fund be distributed, *pro rata*, to the Plaintiffs on or about December 1, 2014. Class Counsel proposes that a report be issued to the Court requesting approval of distributions from the reserve fund before such funds are disbursed.

        Respectfully submitted,

        **WILLIAM KEITH WININGEAR, et al**

        By:   */s/ James H. Shoemaker, Jr.*
                Of Counsel

James H. Shoemaker, Jr., VSB No. 33148
Scott L. Reichle, VSB No. 40016
Jason E. Messersmith, VSB No. 77075
Patricia A. Melochick, VSB No. 80694
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com
pmelochick@pwhd.com

Richard J. Serpe, VSB No. 33340
Cindra Dowd, VSB No. 33819
Law Offices of Richard J. Serpe, P.C.
Crown Center, Suite 310
580 East Main Street
Norfolk, Virginia 23510-2322
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
rserpe@serpefirm.com
cdowd@serpefirm.com

David R. Simonsen, Jr.
8003 Franklin Farms Drive, Suite 131
Richmond, Virginia 23229-5107
Telephone: (804) 285-1337
Facsimile: (804) 285-1350
dsimonsenj@aol.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew Fox
Heather Mullen
Office of the City Attorney
810 Union Street, Room 900
Norfolk, Virginia 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201
Andrew.fox@norfolk.gov
Heather.mullen@norfolk.gov

William M. Furr, VSB No. 29554
Samuel J. Webster, VSB No. 17021
Monica A. Stahly, VSB No. 84492
Joseph P. Moriarty, VSB No. 68465
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
wfurr@wilsav.com
swebster@wilsav.com
mstahly@wilsav.com
jmoriarity@wilsav.com

                                                           */s/ James H. Shoemaker, Jr.*
James H. Shoemaker, Jr., VSB No. 33148
Scott L. Reiche, VSB No. 40016
Jason E. Messersmith, VSB No. 77075
Patricia A. Melochick, VSB No. 80694
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 223-4518
Jshoemaker@pwhd.com
jmessersmith@pwhd.com
pmelochick@pwhd.com